UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANCHEZ Y MARTIN, S.A. DE C.V., <br><br> Plaintiff, <br><br> v. <br><br> DOS AMIGOS, INC., etc., et al., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIM. | Case No.: 17CV1943 LAB (JMA) <br><br> **ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE [ECF No. 32]** |

Presently before the Court is a joint motion for determination of discovery dispute in which Plaintiff Sanchez Y Martin, S.A. de C.V. ("SYM") seeks an order compelling Defendants Dos Amigos, Inc. ("Dos Amigos") and Pablo Paoli ("Paoli") to amend their responses to requests for admission. (ECF No. 32.) For the reasons set forth below, SYM's request is **GRANTED IN PART**.

I.      BACKGROUND

On or about October 15, 2013, SYM, a Mexican stock company, and Dos Amigos, a California corporation, entered into a written agreement titled Contrato de Consignacion de Mercancias ("consignment agreement"), pursuant to which

Dos Amigos purchased goods from SYM on credit terms.  (First Am. Compl., ¶¶ 9-10.)  On or about October 6, 2015, Dos Amigos tendered to SYM a written promissory note in the facial sum of $1,000,000.00.  (*Id.*, ¶ 14.)  That same date, Paoli tendered to SYM a written individual guaranty wherein Paoli personally guaranteed prompt payment for all amounts due and owing under the promissory note.  (*Id.*, ¶ 21.)  SYM alleges Dos Amigos has not paid the balance on the open book account and breached the promissory note, and that Paoli breached the individual guaranty.  (*Id.*, ¶¶ 11-12, 17-18, 24-25.)  In its counterclaim, Dos Amigos alleges it began importing and selling SYM products in the United States around 1999, and SYM appointed it to be its exclusive importer in the United States in 2010.  (Countercl., ¶¶ 9-10.)  Dos Amigos states SYM required Dos Amigos to enter into the consignment agreement in October 2013 in order to obtain more favorable tax treatment for itself. (*Id.*, ¶ 13.)  In October 2015, SYM and Paoli discussed SYM's potential acquisition of a 51% majority interest in Dos Amigos.  (*Id.*, ¶ 15.)  Around October 6, 2015, as part of the process required by SYM for its potential acquisition of a majority interest in Dos Amigos, Dos Amigos signed a promissory note for the sole and exclusive purpose of maintaining an open line-of-credit, and Paoli signed an individual guaranty.  (*Id.*, ¶ 16.)

Presently at issue are the following requests for admission propounded by SYM, and Paoli and Dos Amigos's responses thereto:

> **Request for Genuineness No. 1 propounded upon Paoli:**
> Admit the genuineness of the following document, a copy of which is attached hereto as Exhibit A (Individual Guaranty entered into between YOU and SYM on or about October 6, 2015).
>
> **Response:**  Responding Party incorporates by reference the General Objections as if set forth in full.  [¶]  Objections.  Not best evidence.  Incomplete transaction.  [¶]  Without waiving these objections, and without waiving any of its affirmative defenses, and assuming this request is correctly understood, Responding Party admits it is a correct copy of the original document which bears a

17CV1943 LAB (JMA)

date of October 6, 2015 (presumably drafted by U.S. counsel for [SYM]) subject to the qualifications that it was made as part of the process required by [SYM] for its potential acquisition of an ownership interest in Dos Amigos, Inc. and corresponds to a promissory note of the same date, also made as part of the process required by [SYM] for it potential acquisition of an ownership interest in Dos Amigos, Inc. and to continue to maintain an open line-of-credit for Dos Amigos, Inc. under the exclusive distribution agreement entered into between [SYM] and Dos Amigos in 2010.

**Requests for Genuineness Nos. 1 and 2 propounded upon Dos Amigos:** Admit the genuineness of the following documents, copies of which are attached hereto:

**No. 1** (Promissory Note entered into between Dos Amigos Distributors, Inc. and SYM on or about October 6, 2015).

**Response:** Responding Party incorporates by reference the General Objections as if set forth in full. [¶] Objections. Not best evidence. Incomplete transaction. [¶] Without waiving these objections, and without waiving any of its affirmative defenses, and assuming this request is correctly understood, Responding Party admits it is a correct copy of the original document which bears a date of October 6, 2015 (presumably drafted by U.S. counsel for [SYM]) subject to the qualifications that it was made as part of the process required by [SYM] for its potential acquisition of an ownership interest in [Dos Amigos] and to continue to maintain an open line-of-credit for [Dos Amigos] under the exclusive distribution agreement entered into between [SYM] and [Dos Amigos] in 2010.

**No. 2** (Contrato de Consignacion de Mercancias entered into between Dos Amigos, Inc. and SYM on or about October 15, 2013).

**Response:** Responding Party incorporates by reference the General Objections as if set forth in full. [¶] Objections. Not best evidence. Incomplete transaction. [¶] Without waiving these objections, and without waiving any of its affirmative defenses, and assuming this request is correctly understood, Responding Party admits it is a correct copy of the original document which bears a date of October 15, 2013, as well as prior and subsequent dates (presumably drafted by Mexican counsel for [SYM]), subject to the

3

qualifications that [SYM] required the Contrato de Consignaction de Mercancias be made to obtain more favorable tax treatment for itself under Mexican fiscal laws under the exclusive distribution agreement entered into between [SYM] and [Dos Amigos] in 2010.

SYM requests that the Court order Defendants to answer the requests without qualification if the requests are admitted, and to answer the requests without improper objections.

## II.     LEGAL STANDARDS

Rule 36 of the Federal Rules of Civil Procedure provides:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1).  The purpose of Rule 36 is to "expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial."  *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981).  Rule 36 is an appropriate tool for establishing before trial the genuineness and authenticity of anticipated exhibits, including determining "which documents will have foundational problems and which will not."  *Berry v. Federated Mut. Ins. Co.*, 110 F.R.D. 441, 443 (N.D. Ind. 1986).  A document is genuine or authentic when it is what it claims to be.  *Inventio AG v. Thyssenkrupp Elevator Americas Corp.*, 2013 WL 12133902, at *1 (D. Del. July 29, 2013) (citing *Caruso v. Coleman Co.*, 1995 WL 347003, at *6 (E.D. Pa. June 7, 1995)); *see also* Fed. R. Evid. 901(a).  "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying."  Fed. R. Civ. P. 36(a)(2).

When answering a request for admission,

> If the matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

Fed. R. Civ. P. 36(a)(4). Because requests for admission clarify which issues are "genuinely contested," where issues in dispute are requested to be admitted, "a denial is a perfectly reasonable response." *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967 (3d Cir. 1988). However, "[i]f the party requesting the admission later proves the genuineness of the document or the truth of the matter requested, the court may order the party that denied the request to pay the costs of its opponent in making that proof." *Ballard, Spahr, Andrews & Ingersoll, LLP,* 243 F.R.D. 1, 7 (D.D.C. 2007).

Rule 36 requires the grounds for objecting to a request to be stated. Fed. R. Civ. P. 36(a)(5). If the court finds a party has not provided a proper objection, the court may either find the matter admitted or order that an amended answer be served. Fed. R. Civ. P. 36(a)(6). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Rule 37(c) provides a sanction of costs when there are no good reasons for a failure to admit. *Ballard, Spahr*, 243 F.R.D. at 7; *see also* Fed. R. Civ. 36 Advisory Committee Notes, 1970 Amendment.

## III.   DISCUSSION

The requests at issue are simple, straightforward requests seeking admissions as to the genuineness of three documents connected with this litigation—the consignment agreement, promissory note, and individual guaranty.

17CV1943 LAB (JMA)

Rule 901 of the Federal Rules of Evidence provides, "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it to be." Fed. R. Evid. 901(a). "[I]f an admission as to the authenticity of a document is sought, what the propounding party really wants to know is whether it must be prepared to prove that the document is authentic at the time of trial, or whether the responding party will essentially stipulate that such effort will not be necessary." *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 447 (C.D. Cal. May 18, 1998). Here, Defendants have admitted to the genuineness of the subject documents, but have included qualifications and objections in their responses. SYM seeks an order compelling Defendants to provide answers without qualifications and without objections.

## A.    Qualifications

Given that SYM is simply seeking admissions as to the genuineness of the subject documents, no qualifications are necessary or appropriate. A request, "except in a most unusual circumstance, should be such that it can be answered yes, no, the answerer does not know, or a very simple direct explanation given as to why he cannot answer, such as in the case of privilege." *Johnstone v. Cronlund*, 25 F.R.D. 42, 46 (E.D. Pa. 1960). Although qualifications are permitted under Rule 36, courts have found they are permissible "if the statement, although containing some truth, standing alone out of context of the whole truth conveys unwarranted and unfair inferences." *Flanders v. Clayton*, 115 F.R.D. 70, 72 (D. Mass. Mar. 20, 1987) (internal quotations and citation omitted); *see also Collins v. JC Penney Life Ins. Co.*, 2003 WL 25945842, at *11 (S.D. Cal. May 6, 2003). In other words, qualification may be needed when a request contains assertions which are only partially correct. *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1988) (citing *Flanders*, 115 F.R.D. at 72). Qualifications may also be necessary when the requests are complex or

17CV1943 LAB (JMA)

imprecise. *Havenfield Corp. v. H & R Block, Inc.*, 67 F.R.D. 93, 97 (W.D. Mo. 1973).

Here, the requests are simple, precise, and require only a yes (admit) or no (deny) answer. Defendants' qualifications do not go to the substance of the matter requested—the genuineness of the documents—but rather proffer factual allegations that suit their own interests. Defendants have not adequately explained why admitting these requests without qualification would be misleading or unduly prejudicial to them, or what unfair inferences would arise. They argue the subject documents are "inextricably linked" to each other and their "interrelationships" are at issue in this case. However, admissions as to the genuineness of these documents do not foreclose Defendants from making any arguments they wish concerning the interrelationships of these documents. Defendants have provided no authority that a qualified answer is permissible when the request seeks only an admission as to the genuineness of documents, and the cases relied upon by Defendants are inapposite as none involves requests which simply seek admissions of the genuineness of documents.

In sum, the Court sees no need for Defendants to assert qualifications as to issues they have already raised in their pleadings or to preserve any contention as to the interrelationship of the subject documents.

**B. Objections**

Defendants asserted "not best evidence" and "incomplete transaction" objections, in addition to their "general objections," to each of the requests at issue. Rule 36 provides "[t]he grounds for objecting to request must be stated." Fed. R. Civ. P. (a)(5). Here, notwithstanding their objections, Defendants admitted the genuineness of the subject documents. That is, they have admitted the documents are what they claim to be—the consignment agreement, promissory note, and individual guaranty at issue in this litigation. Even so, Defendants may still object to the admissibility of the documents at trial. *See,*

17CV1943 LAB (JMA)

*e.g., Caruso*, 1995 WL 347003, at *7 (finding an admission as to the genuineness of a document is made subject to all pertinent objections to admissibility that could be made at trial); *but cf. In re Cathode Ray Tube (CRT) Antitrust Litig.,* 2015 WL 13655173, at *4 (N.D. Cal. Aug. 6, 2015) (stating admissions as to genuineness of documents did not prove admissibility because defendants had reserved their rights to object to admissibility on other grounds). Given that it is unclear whether Defendants must assert their objections in their responses in order to preserve them for trial, the Court will permit the objections be asserted at this time. Whether Defendants' objections ultimately should be sustained or overruled is a matter for another day and need not be reached at present.

## IV.    CONCLUSION

For the foregoing reasons, SYM's motion for an order compelling amended responses to their requests for admission is **GRANTED IN PART**. Defendants shall serve amended responses to the requests set forth above without qualifications. Defendants are permitted to re-assert the objections set forth in their initial responses.

**IT IS SO ORDERED**.

Dated:  June 15, 2018

_____
Honorable Jan M. Adler
United States Magistrate Judge

17CV1943 LAB (JMA)