UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANCHEZ Y MARTIN, S.A. DE C.V., | Case No.: 17cv1943-LAB (LL) |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART PLAINTIFF AND COUNTER-DEFENDANT SANCHEZ Y MARTIN, S.A. DE C.V.'S MOTION TO COMPEL AMENDED RESPONSES AND PRODUCTION OF DOCUMENTS AND ESI** |
| DOS AMIGOS, INC.; and PABLO PAOLI, | |
| Defendants. | |
| | **[ECF No. 64]** |
| DOS AMIGOS, INC., | |
| Counter Claimant, | |
| v. | |
| SANCHEZ Y MARTIN, S.A. DE C.V.; and ROES 1 through 20, | |
| Counter Defendant. | |

Currently before the Court is Plaintiff and Counter-defendant Sanchez Y Martin, S.A. de C.V.'s Motion to Compel Amended Responses and Production of Documents and ESI [ECF No. 64-1 ("Mot.")], Defendants and Counter-claimants Dos Amigos, Inc. and Pablo Paoli's Opposition [ECF No. 69 ("Oppo.")], and Plaintiff and Counter-defendant's

/ / /

1

Reply [ECF No. 73 ("Reply")]. For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART**.

**PROCEDURAL HISTORY**

On August 2, 2017, Plaintiff Sanchez Y Martin, S.A. de C.V. ("SYM") filed a complaint against Defendants in California state court alleging (1) failure to pay for balance on open book account; (2) breach of promissory note; and (3) breach of personal guaranty. ECF No. 1-2. On September 25, 2017, Defendant Pablo Paoli ("Paoli") removed the case to federal court and Defendant Dos Amigos, Inc. ("Dos Amigos") filed a counterclaim against SYM alleging breaches of non-disclosure agreement and fraud and deceit. ECF Nos. 1, 4. The counterclaim seeks, *inter alia*, compensatory damages no less than one million dollars; damages arising from the loss of prospective sales to its clients; consequential and/or incidental damages; proximately caused damages including lost profits, expenses, loss of goodwill, loss of reputation, and loss of customers; and punitive damages. ECF No. 4 at 9-10. On June 8, 2018, SYM filed a First Amended Complaint ("FAC") alleging (1) failure to pay for balance on open book account against Defendant Dos Amigos; (2) breach of promissory note against Defendant Dos Amigos; and (3) breach of personal guaranty against Defendant Paoli. ECF No. 44 ("FAC"). In the FAC, Plaintiff alleges that "Defendants Dos Amigos and Paoli were the agents, joint venturers and/or alter egos of each other"; that "Paoli dominated and controlled Dos Amigos"; and that "Paoli comingled funds and other assets, failed to segregate funds of the allegedly separate entity, and transferred assets between himself and the entity, all with no substantial business justification and in derogation of the rights of contractual partners." Id., ¶ 5.

**RELEVANT DISCOVERY AND FACTUAL BACKGROUND**

On January 16, 2018, the Court issued a Scheduling Order Regulating Discovery and Other Pretrial Proceedings. ECF No. 17. On June 4, 2018, the Court issued an order granting the parties' joint motion to amend the scheduling order to extend deadlines. ECF No. 42. On August 27, 2018, the Court issued an order granting the parties' second joint motion to extend discovery and pretrial deadlines. ECF No. 51.

17cv1943-LAB (LL)

On December 6, 2018, counsel for SYM and counsel for Defendants contacted the Court regarding the following discovery disputes brought by SYM: (1) Dispute 1 involved production of electronically stored information ("ESI") that Defendants had agreed to produce to SYM; (2) Dispute 2 involved Requests for Production ("RFPs") 54-57 and 63-67 propounded by SYM, and (3) Dispute 3 involved RFPs 40-51 propounded by SYM. See ECF No. 57 at 1. On December 7, 2018, the Court issued an order finding that the two disputes involving RFPs were untimely because the undersigned magistrate judge's Civil Chambers Rules require discovery motions to be filed no later than thirty days after the event giving rise to the dispute occurred. Id. at 1-3. Additionally, the Court ordered Defendants to (1) make their first production of ESI on or before December 14, 2018, and (2) complete their production of ESI on or before January 7, 2019. Id. at 2.

On December 10, 2018, SYM propounded its first set of RFPs on Paoli. ECF No. 64-5, Declaration of Alex G. Brizolis ("Brizolis Decl."), ¶ 2; see also Brizolis Decl., Exh. A. Defendant served his responses and objections to the RFPs on January 9, 2019. Id. ¶ 3; see also id., Exh. B.

On December 14, 2018, Defendants made their first production of ESI pursuant to the Court order issued on December 7, 2018. Mot. at 10. On January 4, 2019, SYM sent a meet and confer letter to Defendants regarding alleged deficiencies with the first production of ESI, including Defendants' production of emails without their attachments.[1] Brizolis Decl. ¶ 9; see also id., Exh. F. Defense counsel responded in writing on January 13, 2019 and noted that she had not received SYM's letter until January 8, 2019. Id., Exh. G. In the interim, Defendants made their second production of ESI on January 7, 2019. Mot. at 10.

/ / /

---

[1] Although the letter itself notes that it was sent "via U.S. Mail & E-mail" to defense counsel, Mr. Brizolis's declaration states only that "meet and confer correspondence" was sent and does not mention that it was also sent by email. Brizolis Decl. ¶ 9; id., Exh. F.

After additional meet and confer efforts, including an in-person meeting on January 16, 2019 regarding both the RFPs and the ESI production, the parties were unable to resolve their disputes. Brizolis Decl. ¶¶ 10, 11. On January 17, 2019, counsel for SYM and counsel for Defendants contacted the Court regarding various disputes concerning Defendants' responses to RFPs and Defendants' production of ESI. ECF No. 61. In response, the Court issued a briefing schedule. Id. The parties timely filed the motion and responses in accordance with the schedule. See Mot., Oppo., and Reply.

## LEGAL STANDARD

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the

4

grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection." Id. at 34(b)(2)(B). Additionally, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Id. at 34(b)(2)(C). The responding party is responsible for all items in "the responding party's possession, custody, or control." Id. at 34(a)(1). Actual possession, custody, or control is not required. Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995). Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Id. (citation omitted). "Answers to requests for production must be complete, explicit and responsive. If a party cannot furnish details, he should say so under oath, say why and set forth the efforts he used to obtain the information. He cannot plead ignorance to information that is from sources within his control." Hash v. Cate, No. C 08-03729 MMC DMR, 2012 WL 6043966, at *2 (N.D. Cal. Dec. 5, 2012) (internal quotation marks and citation omitted). "The requesting party is entitled to individualized, complete responses to each of the requests . . . , accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." Id. (internal quotation marks and citation omitted).

Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure of discovery." Fed. R. Civ. P. 37(a)(1). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26. Soto, 162 F.R.D. at 610. Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of "clarifying, explaining and supporting its objections." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

## **DISCUSSION**

SYM seeks an order from the Court (1) compelling Paoli to produce all responsive documents and ESI to SYM's RFP Nos. 29 through 35 and 39 through 61 and/or to amend

his responses where appropriate; and (2) compelling Dos Amigos to re-produce emails with attachments in consecutive order. Mot. at 6-7.

**A.     RFP Nos. 29 through 33**

In these requests, SYM asks for communications between Paoli and any person, other than SYM agents, related to (1) the Promissory Note, the Guaranty, and the Nondisclosure Agreement ("NDA") from September 1, 2015 through December 31, 2016; (2) the alleged breach of the NDA from September 1, 2015 through December 31, 2017; and (3) SYM's potential acquisition of a majority interest in Dos Amigos from October 1, 2015 through December 31, 2015. Brizolis Decl., Exh. A at 10-11. Paoli's counsel objects that the terms "all communications," "any person, other than agents of SYM," and "related to" are overbroad and burdensome, and vague and ambiguous. Brizolis Decl., Exh. B at 28-32.

In its motion, SYM argues that the terms "related to" and "communication" are specifically defined.[2] Mot. at 13; <u>see</u> also Brizolis Decl., Exh. A at 4. SYM also asserts that the requests identify a narrow time period and that the burden with respect to one email custodian should be minimal, and that "it is not SYM's duty to guess with whom Mr. Paoli may have communicated regarding these subjects." Mot. at 13-14.

In his opposition, Paoli argues that RFP Nos. 29-33 are overbroad and burdensome, "particularly for an ESI database that has more than 299,000 records," and instead asked SYM to "tailor these requests to a reasonable scope," such as specifying the type of communication and changing "related to" to "that references." Oppo. at 6; <u>see also</u> Brizolis Decl., Exh. B at 28-32.

---

[2] The terms "related to," "concerning," "relating to," or "relate(s) to" are defined to mean and include "relating to, referring to, describing, reflecting, recording, evidencing, memorializing, mentioning, constituting, or in any way logically or factually connected with the matter discussed, in whole or in part, directly or indirectly." Brizolis Decl., Exh. A at 4. The term "communication(s)" is defined to mean and include "all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, facsimile, transmissions or other forms of verbal, written, mechanical, and electronic intercourse." <u>Id.</u> at 3-4.

In its reply, SYM argues that Paoli's proposal is not workable because (1) Paoli has admitted to using the WhatsApp messenger service in deposition, and so he should be compelled to search for and produce responsive communications, whether in email, text, or other written form; and (2) Paoli's counsel indicated to SYM that the proposed term "reference" means requiring the words "promissory note" or "NDA" or "guaranty" to be present in the communication, but SYM asserts that only Paoli "knows how he referred to these subjects in his communications (which are mostly in Spanish)." Reply at 5-6. SYM also argues that Paoli has not explained why these RFPs are unduly burdensome, and that defense counsel has stated that she has already "conscientiously reviewed" all of the documents in Defendants' ESI database. Id. at 6 (citing Oppo. at 9).

The Court does not find the objected terms to be vague and ambiguous or overbroad and burdensome. The terms are defined, but to the extent they are still unclear, the responding party should use common sense and apply ordinary definitions. See Bryant v. Armstrong, 285 F.R.D. 596, 606 (S.D. Cal. 2012) ("The responding party should exercise common sense and attribute ordinary definitions to terms in discovery requests." (citation omitted)). In fact, Paoli's counsel purported to do so in Paoli's response to SYM's RFPs when defense counsel stated as part of Paoli's "general objections" that definitions for certain terms, including the ones at issue here, are "oppressively overbroad" and that such terms would be "interpreted in accordance with federal rules and common sense." Brizolis Decl., Exh. B at 4. Applying common sense, SYM is seeking communications between Paoli and others related to the specified subjects, for a specified time period. The Court notes that SYM describes the timeframe as a sixteen-month period for RFP Nos. 29 through 32 in both its motion and reply. Mot. at 13; Reply at 5. RFP No. 33 has a three-month timeframe. However, the actual propounded RFP No. 32 asks for a twenty-eight month timeframe. Brizolis Decl., Exh. A at 11. As SYM has argued that the sixteen-month timeframe is appropriate, the Court will apply that timeframe to RFP No. 32. Accordingly, the Court **GRANTS** SYM's Motion to Compel RFP Nos. 29, 30, 31, and 33. Paoli must search for and produce responsive documents and ESI. The Court **GRANTS IN PART**

7

SYM's Motion to Compel RFP No. 32 in that Paoli must search for and produce responsive documents and ESI for the timeframe of September 1, 2015 through December 31, 2016.

**B.      RFP Nos. 34 and 35**

In RFP Nos. 34 and 35, SYM asks for "all documents and communications related to using personal property belonging to any person as collateral for a loan from SYM" to either Paoli or Dos Amigos. Brizolis Decl., Exh. A at 11. Paoli's counsel objects that (1) SYM made judicial admissions stating that the promissory note was not a loan, (2) the request is based upon a false premise, (3) the request is overbroad and burdensome as to "all documents and communications" and "related to," (4) the request is vague and ambiguous as to "all documents and communications" and "related to," and (5) to the extent it calls for legal reasoning. Id., Exh. B at 32-33. Paoli's counsel responds by requesting that SYM either identity the purported "loan" set forth in the requests or withdraw them. Id. at 32-34.

In its motion, SYM asserts that it has alleged that Defendants fell into extreme debt and failed to pay SYM amounts owed under the open book account, the Promissory Note, and the Guaranty, and that "[t]hese requests are aimed at ascertaining whether or not Mr. Paoli and/or Dos Amigos took any steps to pay off that debt." Mot. at 14. SYM argues that (1) the requests have "nothing to do with" the Promissory Note, but instead "seek documents and communications regarding Mr. Paoli's and/or Dos Amigos' attempt to secure any type of loan from SYM with personal property," (2) they request extremely specific subject matter—"the specific use of personal property as collateral for an actual or proposed loan"—and that responsive materials should be easily identifiable by Paoli, (3) they seek facts, not legal reasoning, and (4) SYM "should not be required to identify specific loans, including those that were merely discussed between Mr. Paoli and third parties that were never mentioned to SYM." Mot. at 14-15.

In his opposition, Paoli argues that the issue is moot in light of his amended responses to RFP Nos. 34 and 35 that state: "In accordance with the Telephonic Court Conference Call on January 17th, wherein Propounding Party's counsel indicated there

was no 'loan' from SYM to [Mr. Paoli or Dos Amigos], and in light of the fact that Propounding Party has not identified any such loan, Responding Party responds that, therefore, there are no responsive documents. Again, if Propounding Party were to identify any such purported loan, then Responding Party would be able to do a meaningful search." Oppo. at 6-7.

In its reply, SYM argues that the issue is not moot because the requests are for documents and communications about potential loans Paoli may have discussed with third parties that were not discussed with SYM. Reply at 7. As an example, SYM states that "if Mr. Paoli communicated with a third party about using personal property to serve as collateral for a potential loan that he intended to request from SYM, those communications would be responsive." Id. SYM further states that Paoli's suggestion that he is not able to conduct a "meaningful search" is not well-taken and "suggests there are responsive materials being withheld;" that "if no such communications occurred regarding a potential loan, Mr. Paoli should say so." Id., n.1.

The Court agrees with SYM that the issue is not moot because potential loans or proposed loans would be responsive. The requests are narrowly tailored to a specific subject: discussion of using personal property as collateral for a potential or proposed loan from SYM. Accordingly, the Court **GRANTS** SYM's motion to compel RFP Nos. 34 and 35. Paoli must search for and produce responsive documents and ESI. Paoli's response must also indicate if he is withholding responsive material; if he has produced all responsive documents in his possession, custody or control; or if there are no responsive documents. See Advanced Visual Image Design, LLC v. Exist, Inc., No. EDCV142525JGBKKX, 2015 WL 4934178, at *3, 5 (C.D. Cal. Aug. 18, 2015) (finding that a party responding to a request for production "has a duty to make a reasonable inquiry to locate responsive documents and then to provide a complete, explicit response" (citation omitted)).

/ / /

/ / /

9

## C. RFP No. 39

In RFP No. 39, SYM asks for all documents and communications related to Paoli's efforts to repay the debt Dos Amigos owed to SYM arising from Dos Amigos' sale of SYM products in the United States from January 1, 2010 to the present. Brizolis Decl., Exh. A at 12. Paoli's counsel objected to the request as (1) overbroad and burdensome, and vague and ambiguous, as to "all documents and communications" and "related to"; (2) violating attorney-client privilege and work product doctrine; (3) to the extent it calls for legal reasoning; (4) argumentative; (5) not proportional to the extent it seeks documents as to which SYM has equal or similar access; and (6) premature in that it calls for expert consultations and disclosures. Id., Exh. B at 37. Paoli's counsel responded that "[w]ithout waiving these objections, and assuming this request is correctly understood in a non-argumentative fashion, and in accordance with principles of proportionality, Responding Party will search for and produce responsive non-privileged Documents since January 1, 2015 to the extent these have not already been produced" and added that "[d]iscovery is continuing." Id. at 38.

In its motion, SYM argued that (1) Paoli's response is insufficient; (2) Paoli waived his objection that the requested documents in the specified timeframe are irrelevant; (3) that the request is relevant because Dos Amigos has alleged that it entered into an exclusive distribution agreement with SYM in May of 2010 under which Dos Amigos distributed SYM goods in to the United States, and that SYM has alleged it entered into a Consignment Agreement with Dos Amigos in October of 2013 under which Dos Amigos opened an account to purchase goods from SYM on credit terms; (4) the terms are not overbroad and burdensome or vague and ambiguous for the same reasons as argued in RFP Nos. 29-33 above [Discussion, Part A.]; (5) SYM is not seeking attorney-client privileged or attorney work protected materials; (6) the RFP seeks facts, not legal reasoning or consultations with experts; and (7) Paoli's "equal or similar access" contention is not only false, but should be overruled. Mot. at 15-16.

/ / /

In his opposition, Paoli argues that RFP No. 39 is overbroad and burdensome and materially irrelevant because "[i]n SYM's unilateral termination letter of 10-31-2016, the *first* date of an alleged unpaid invoice is *April 16, 2015*." Oppo. at 7. Paoli's counsel thus asked that the timeframe be narrowed to begin from January 1, 2015 instead of 2010, and for SYM to identify any unpaid invoices dated prior to 2015. Id.

In its reply, SYM additionally argues that (1) Paoli has not claimed that the RFP is "unduly" burdensome, nor provided any specific reasons to support an undue burden claim; (2) the burden to produce should be slight because the location of the responsive materials is known and Paoli's counsel has already reviewed nearly 300,000 documents; and (3) Paoli's argument that the first date of an alleged unpaid invoice is April 16, 2015 "misses the point" because "[i]f Mr. Paoli claims there was no unpaid debt prior to April 2015, then he has no obligation to produce documents that do not exist," [b]ut if there are responsive documents that exist dating back to 2010, those documents must be produced." Reply at 7-8.

The Court initially finds that Paoli has waived its relevancy objection by failing to object in Paoli's responses. See Keith H. v. Long Beach Unified Sch. Dist., 228 F.R.D. 652, 657 (C.D. Cal. 2005) (finding party waived any relevancy objections by failing to raise them in a timely response to oppose party's document requests). Even if the objection was timely, the Court finds the timeframe of 2010 to 2015 as relevant to SYM's claim that Dos Amigos has an outstanding debt to SYM and Dos Amigos' counterclaim allegation that "[i]n May of 2010, SYM appointed Dos Amigos to be its Exclusive Importer and Strategic Partner in the United States." ECF No. 4 at 3. Furthermore, the timeframe is sufficiently narrow, and Paoli has not met his burden of explaining why the timeframe is overbroad or unduly burdensome. See DIRECTV, Inc. v. Trone, 209 F.R.D. at 458 (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)). Accordingly, the Court **GRANTS** SYM's motion to compel RFP No. 39. Paoli must amend his responses to indicate he will search for responsive materials dating back to January 1, 2010 and to produce responsive documents and ESI if any exist.

**D.      RFP Nos. 40 through 51**

In RFP Nos. 40 through 51, SYM seeks communications to or from certain identified Dos Amigos personnel and/or acquaintances of Paoli related to SYM from January 1, 2015 through February 13, 2018. Brizolis Decl., Exh. A at 12-13. Paoli's counsel objected that "[t]his request is an abuse of discovery and an attempted circumvention of the Order issued on December [7], 2018 by Magistrate Judge Lopez, ruling in part that [these same requests] propounded by SYM to [Dos Amigos] could not be compelled because it was untimely." Id., Exh. B at 38-50 (citing ECF No. 57). Paoli's counsel also objected to the requests as, *inter alia*, overbroad and burdensome, and vague and ambiguous as to "all communications" and "related to SYM." Id. Paoli's counsel also requested that SYM tailor the request to a reasonable scope, such as specifying the type of communication that "reference" SYM. Id. Paoli's counsel then responded, "Notwithstanding these objections, [Dos Amigos] has already produced [the individual's] non-privileged emails about SYM during this time-period." Id.

In its motion, SYM argues that the Court's December 7, 2018 order "ruled that a motion to compel amended responses to the same requests propounded on Dos Amigos (a different party) was untimely," and that the Court "did not rule on—much less consider—the adequacy of the requests themselves or Dos Amigos' objections." Mot. at 16-17. SYM argues that "there is no rule against propounding the same discovery on different parties, especially if the sought after information has not been produced." Id. at 17. SYM further argues that Paoli's response that Dos Amigos has already produced non-privileged emails about SYM is evasive and insufficient because at the parties' meet and confer, defense counsel represented that she did not search for communications "related to" SYM. Id.; Brizolis Decl., ¶ 12.

In his opposition, Paoli argues that RFP Nos. 40-52, 54-55, and 59-60 are time-barred pursuant to the Court's December 7, 2018 order. Oppo. at 2-6; see also ECF Nos. 69-2 and 71. Paoli argues that the duplicative—and thus, untimely—RFPs are an attempt by SYM to circumvent the Court's discovery order and the Court's Chambers Rules. Oppo.

at 2-5. Paoli also argues that notwithstanding the untimeliness of the requests, "[Dos Amigos] did produce documents after narrowing those requests to a reasonable scope." Oppo. at 6. Paoli does not make any additional arguments and instead includes a footnote asking that if the Court rules that these RFPs are *not* untimely, that Defendants "be given an opportunity to submit briefing on the merits, including a declaration by an expert and applicable legal authorities." Id. at 5, n.1.

In its Reply, SYM asserts that RFPs Nos. 40-60 are timely because they were propounded on a different party, and not "unreasonably duplicative" because "Dos Amigos' responses to the initial round of RFPs were blanket objections and no amended responses were served indicating a production would be made," despite Paoli's responses to the contrary. Reply at 9-10 & n.5.

The Court notes that both SYM and Paoli cited cases supporting their arguments regarding the timeliness issue and that after reviewing them, the Court agrees with SYM. The parties agree that the RFPs at issue request the same information from Defendant Paoli as previous RFPs propounded on Dos Amigos, and that the Court found SYM's Motion to Compel the RFPs propounded on Dos Amigos to be untimely without making a determination of the merits. See ECF No. 57. The cases Paoli relies on are inapposite because they involve instances of duplicative discovery requests made on the *same* party in an effort to evade a finding of untimeliness. See Cruz v. United States, No. 14CV2956-LAB (DHB), 2016 WL 727066, at *2-3 (S.D. Cal. Feb. 24, 2016) (finding Request No. 15 *to NASSCO* was untimely because it was substantially similar to Request No. 5 *to NASSCO*, which was objected to by NASSCO previously and outside the court's deadline for raising a discovery dispute); ViaSat, Inc. v. Space Sys./Loral, Inc., No. 12-CV-0260-H WVG, 2013 WL 3467413, at *1-3 (S.D. Cal. July 10, 2013) (finding first that defendants' motion to compel plaintiffs to supplement Interrogatories ( "ROGs") 22 and 23 was untimely, and then finding that a subsequent Rule 30(b)(6) deposition notice for a corporate representative in which "nearly all of the twenty-four topics are verbatim recitations of Plaintiffs' responses to ROG No. 22" was an attempt to "do an

17cv1943-LAB (LL)

end run around the Court's denial of an order to compel supplemental responses to ROG Nos. 22 and 23").

The Court finds that here, it is appropriate for SYM to propound the same RFPs on Paoli as previously propounded on Dos Amigos because they are both named parties and the requested material is within their possession, custody, or control, and contrary to Paoli's assertion, the requested material has not yet been produced. See McCall v. State Farm Mut. Auto. Ins. Co., No. 216CV01058JADGWF, 2017 WL 3174914, at *6-7 (D. Nev. July 26, 2017) (finding that a subpoena duces tecum to a non-party was appropriate, not unreasonable, and in accordance with Rule 34, even though it was duplicative of previous RFPs propounded on a party and objected to by that party). The Court finds Paoli has not met his burden of clarifying, explaining, and supporting his other objections. See DIRECTV, Inc. v. Trone, 209 F.R.D. at 458 (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)). The Court does not appreciate defense counsel's attempt to do an end run around the Court's briefing schedule for the instant dispute and declines to allow Paoli additional time to refute the instant motion. Accordingly, the Court **GRANTS** SYM's motion to compel RFP Nos. 40 through 51. Paoli must search for and produce responsive documents and ESI, as requested (without the limitation of explicitly "referencing"), if any exist.

**E.     RFP Nos. 52, 54, 55, 59, and 60**

In RFP Nos. 52, 54 and 55, SYM seeks Dos Amigos' year-end financial statements, accounts payable reports, and accounts receivable reports for the years ending December 31, 2005 through December 31, 2017, and through the most current period. Brizolis Decl., Exh. A at 13-14. In RFP No. 59, SYM seeks documents in support of Dos Amigos' contention that it gave up prospective business beginning in or around May of 2010 as a result of Dos Amigos' business relationship with SYM. Id. at 14. In RFP No. 60, SYM seeks all documents related to Dos Amigos' contention in its response to Interrogatory No. 14 (regarding Dos Amigos' gross profit figures corresponding to sales of SYM products from 2011 to 2016). Id. at 14-15. Paoli's counsel made various objections

to these RFPs, including that they are time-barred by the Court's December 7, 2018 order, but then responded to them identically stating, "Notwithstanding these objections, [Dos Amigos] has already produced ESI about damages and will produce further documents to be delivered to its designated expert." Id., Exh. B at 50-59.

In its motion, SYM argues, *inter alia*, that the requested financial information "are directly relevant to Dos Amigos' damages claims and will allow SYM's retained damages expert to perform an independent analysis of these claims." Mot. at 18; see also ECF No. 64-3, Declaration of Jeffery D. Porter ("Porter Decl."), ¶¶ 6, 7. SYM also argues that RFP No. 59 seeks materials in support of Dos Amigos' damages claims, and that RFP No. 60 seeks documents in support of gross profit figures identified by Dos Amigos in response to interrogatories and verified by Mr. Paoli. Mot. at 20-22. SYM asserts that the requested documents will allow for an independent analysis of the following claims: Paoli verified under oath that "Dos Amigos sold millions worth of products of non-SYM manufacturers prior to the purported 2010 exclusive distribution agreement [with] SYM and that Dos Amigos' gross profits steadily declined from 2011 to 2016." Porter Decl., ¶ 7. SYM argues that "a full review of Dos Amigos' financials dating back to 2005 is appropriate here to evaluate Dos Amigos' damages claims" because "in assessing a business' value and profitability, it is typical to analyze financial documents for a period of five years prior to the event in question." Id. SYM further argues that Paoli's responses to these RFPs are evasive and nonresponsive because (1) "SYM is entitled to conduct its own analysis of Dos Amigos' damages claims and should not be limited to documents that Defendants deem relevant or that are cherry-picked for their expert to review," and (2) if documents and ESI responsive to each of these requests have already been produced, Paoli should say so. Mot. at 19-21.

In his opposition, Paoli puts forth arguments as to only one of his objections: that these RFPs are time-barred by the Court's December 7, 2018 order. Oppo. at 2-6. As mentioned above, Paoli requested in a footnote the following:

/ / /

> If the Court were to rule that these requests are *not* untimely, then [Dos Amigos] and Mr. Paoli would respectfully request that they be given an opportunity to submit briefing on the merits, including a declaration by an expert and applicable legal authorities.
>
> The general substance of the testimony that [Dos Amigos'] expert is expected to give will include opinions relating to a forensic accounting analysis, amounts owed between [Dos Amigos] and SYM, [Dos Amigos'] potential lost profits, and expenses pertaining to business development and marketing.
>
> The Counterclaim seeks compensatory damages. Neither the FAC nor the Counterclaim seek damages requiring a business valuation analysis, such an analytical model is simply *not* applicable to this case.

Oppo. at 5, n.1.

As to the issue of timeliness, the Court has already found that the RFPs propounded on Paoli are not themselves time-barred. See supra, Discussion, Part D. The Court finds SYM has established the relevance of the RFPs because Dos Amigos' counterclaim put its lost profits at issue. See ECF No. 4, ¶ 49; HM Elecs., Inc. v. R.F. Techs., Inc., No. 12CV2884-BAS JLB, 2014 WL 3014660, at *9-10 (S.D. Cal. July 3, 2014) (finding that plaintiff's financial documents were relevant because plaintiff's damages claim was not limited to disgorgement of defendant's profits and thus put plaintiff's financials at issue). However, Paoli has not met his burden of clarifying, explaining, and supporting his objections. See DIRECTV, Inc. v. Trone, 209 F.R.D. at 458.

Accordingly, the Court **GRANTS** SYM's motion to compel RFP Nos. 52, 54, 55, 59, and 60. Paoli must search for and produce responsive documents and ESI. Paoli's responses must be complete, explicit, and responsive; if responsive material has already been produced, Paoli must identify the material and its location. See Hash v. Cate, 2012 WL 6043966, at *2 ("The requesting party is entitled to individualized, complete responses to each of the requests . . . , accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." (internal quotation marks and citation omitted)).

/ / /

/ / /

17cv1943-LAB (LL)

## F.    RFP No. 53

In RFP No. 53, SYM seeks an electronic copy of Dos Amigos' accounting program, such as QuickBooks, for the years ending December 31, 2005 through December 31, 2017, and through the most current period. Brizolis Decl., Exh. A at 13. Similar to the discussion above, Paoli's counsel made several objections in his response, including that RFP No. 53 is time-barred by the Court's December 7, 2018 order, and, *inter alia*, that it is overbroad, not proportional, and an abuse of discovery. Id., Exh. B at 51-52.

In its motion, SYM argues that the requested information "is necessary for SYM's damages expert to opine on Dos Amigos' claimed damages," but that SYM has "agreed to accept files from Dos Amigos' accounting program in native format with all original metadata intact." Mot. at 20. SYM's consultant and designated damages expert states that access to Dos Amigos' accounting program allows a forensic accountant "to run an independent accounting report for a given time period with relative ease as compared to analyzing printouts." Porter Decl., ¶ 8. He also states that "the electronic or 'native' version of the accounting program and entries will show when transactions are recorded" and "whether or not adjustments are being made to such entries," which is "important to assess the veracity of the entries." Id.

In his opposition, Paoli put forth arguments as to only one of his objections—that these RFPs are time-barred by the Court's December 7, 2018 order—and requesting additional time to brief the merits. Oppo. at 2-6. Paoli added one additional sentence regarding RFP No. 53, stating that the request is an abuse of discovery and was not produced. Oppo. at 6.

The Court does not find that the request is time-barred. See supra, Discussion, Part D. The Court finds SYM has established the relevance of the request for the accounting records because (1) they will enable SYM to assess Dos Amigos' damages claim, which includes lost profits, and (2) SYM's FAC contains claims that Defendants comingled funds and other assets. See ECF No. 4, ¶ 49; FAC, ¶ 5; HM Elecs., Inc. v. R.F. Techs., Inc., 2014 WL 3014660, at *9-10 (finding that plaintiff's financial documents were relevant because

plaintiff's damages claim was not limited to disgorgement of defendant's profits and thus put plaintiff's financials at issue); <u>Burch-Lucich v. Lucich</u>, No. 1:13-CV-218-BLW, 2015 WL 65551, at *10 (D. Idaho Jan. 5, 2015) (finding QuickBooks accounting records were discoverable because the case centered on tracing assets). However, Paoli has not met his burden of clarifying, explaining, and supporting his objections. <u>See</u> <u>DIRECTV, Inc. v.</u> <u>Trone</u>, 209 F.R.D. at 458. Accordingly, the Court **GRANTS** SYM's motion to compel RFP No. 53. Paoli must produce the electronic copy of the accounting program, or native files with original metadata intact, for the requested time period.

**G.    RFP Nos. 56, 57, and 58**

In RFP Nos. 56, 57, and 58, SYM seeks Dos Amigos' year-end loan statements, capital investment account reports, and fixed asset statements for the years 2005 through the most current period. Brizolis Decl., Exh. A at 14. Similar to the discussion above, Paoli's counsel made several objections in his responses, including that RFP Nos. 56, 57, and 58 are time-barred by the Court's December 7, 2018 order, and, *inter alia*, that they are overbroad, not proportional, and an abuse of discovery. <u>Id.</u>, Exh. B at 54-56.

In its motion, SYM argues that this information is "highly relevant to assessing Dos Amigos' alleged damage to its business." Mot. at 20. SYM's consultant and designated damages expert states that (1) "year-end loan statements speak to Dos Amigos' debt and whether the company is servicing its debt or whether its debt is growing" which are directly relevant to Dos Amigos' profitability and its lost profits claim; (2) "information related to Dos Amigos' capital account will show what dividends the company is paying to its shareholders" and whether such dividends are exceedingly high and impacting its alleged lost profits; and (3) "a fixed asset statement lists all of the company's assets that were sold, purchased and depreciated" which tends to show a company's profitability or financial distress. Porter Decl., ¶ 9.

In his opposition, Paoli put forth arguments as to only one of his objections—that these RFPs are time-barred by the Court's December 7, 2018 order—and requesting additional time to brief the merits. Oppo. at 2-6. Paoli added one additional sentence

regarding RFP Nos. 56, 57, and 58, stating that the requests are an abuse of discovery and were not produced. Id. at 6.

As to the issue of timeliness, the Court has already found that the RFPs propounded on Paoli are not themselves time-barred. See supra, Discussion, Part D. The Court finds SYM has established the relevance of the RFPs because they will enable SYM to assess Dos Amigos' damages claim, which includes lost profits. See ECF No. 4, ¶ 49; HM Elecs., Inc. v. R.F. Techs., Inc., 2014 WL 3014660, at *9-10 (finding that plaintiff's financial documents were relevant because plaintiff's damages claim was not limited to disgorgement of defendant's profits and thus put plaintiff's financials at issue). However, Paoli has not met his burden of clarifying, explaining, and supporting his objections. See DIRECTV, Inc. v. Trone, 209 F.R.D. at 458. Accordingly, the Court **GRANTS** SYM's motion to compel RFP Nos. 56, 57, and 58. Paoli must search for and produce responsive documents and ESI.

**H.    RFP No. 61**

In RFP No. 61, SYM asks for all invoices Dos Amigos issued to its customers for the sale of SYM products from January 1, 2010 to the present. Brizolis Decl., Exh. A at 12. Paoli's counsel objected that the request is (1) overbroad, burdensome, and oppressive as to "all invoices issued" since 2010; (2) materially irrelevant as to "all invoices issued" since 2010; (3) brought for improper purposes, including harassment; and (4) not proportional to the extent it seeks documents that SYM has equal or similar access to. Id., Exh. B at 59. Paoli responded by suggesting that SYM tailor the request "to a reasonable, proportional, and materially relevant scope pertaining to issues that are actually in controversy." Id. at 60.

In its motion, SYM argues that the invoices are relevant because Paoli declared under oath that after the purported exclusive distribution agreement was entered into, SYM imposed a pricing schedule for the sale of its products in the United States. Mot. at 22. SYM seeks invoices from Dos Amigos to its commercial customers, as described by Paoli. Id. SYM asserts that Dos Amigos also alleged that in the fall of 2016, it began receiving

cancellation orders because its customers were buying SYM products at cheaper prices elsewhere. Id. Thus, SYM argues that the invoices are necessary to evaluate Dos Amigos' damages claims. Id. SYM also argues that a historical view of the invoicing dating back to 2010 "will show if Dos Amigos changed its pricing for SYM products over time and the amount of product that was actually being sold," which is directly relevant to Dos Amigos' damages claims. Porter Decl., ¶ 10.

In his opposition, Paoli argues that the request is overbroad and burdensome and materially irrelevant. Oppo. at 7. Paoli's counsel had asked that the request be narrowed time-wise to any invoices (from Dos Amigos to its customers) that SYM contend pertain to unpaid invoices from SYM to Dos Amigos, and that any such invoices would be stamped "attorneys' eyes only." Id. Paoli asserts that "[t]o date, the only specific invoices that SYM contends are unpaid are listed in SYM's unilateral termination letter of 10-31-2016 [as April 16, 2015], and SYM has *not* identified any further alleged unpaid invoices." Id.

In its reply, SYM argues that Paoli misconstrues the import of RFP No. 61 in that SYM does not seek "unpaid invoices" but rather historical invoicing data from Dos Amigos to its customers whether paid or unpaid because it is relevant to Dos Amigos' lost profits claims. Reply at 8. SYM asserts that it has agreed to production under "attorneys' eyes only" protection. Id.

The Court agrees with SYM. The Court finds the request is relevant to the counterclaim of lost profits that Dos Amigos has put at issue, and that it is not overbroad or burdensome because it begins at the purported time of the alleged exclusive distribution agreement relationship. See ECF No. 4, ¶ 49; HM Elecs., Inc. v. R.F. Techs., Inc., 2014 WL 3014660, at *9-10 (finding that plaintiff's financial documents were relevant because plaintiff's damages claim was not limited to disgorgement of defendant's profits and thus put plaintiff's financials at issue). Accordingly, the Court **GRANTS** SYM's motion to compel RFP No. 61. Paoli must search for and produce responsive documents and ESI, and designate the material as "attorneys' eyes only."

/ / /

# I.    ESI Production of Missing Email Attachments

SYM seeks a motion to compel Dos Amigos to produce missing email attachments from Dos Amigos' production of ESI that was completed January 7, 2019, by reproducing these emails with their attachments in consecutive order. Mot. at 7. SYM argues that the emails and their attachments should have been produced together, in accordance with the Federal Rules and the parties' stipulated ESI Protocol. Id. Dos Amigos' counsel asserted that she asked SYM's counsel to identify the missing attachments, so that defense counsel can review them and respond, but "they indicated it would be too time-consuming." Oppo. at 8. Dos Amigos argues that the request is not proportional because "it appears that, conservatively, about 80% of the emails are between SYM and [Dos Amigos] and that thus, SYM already has emails with attachments in its possession, and also that there was no discussion at all as to whether the ESI would be produced using the "family" approach. Id. SYM argues in its reply that there was discussion or agreement regarding production of emails in complete families because the ESI Protocol requires such production. Reply at 11; see also ECF No. 64-11 (ESI Protocol); Declaration of Michael Hagen ("Hagen Decl."), ¶¶ 4, 5. SYM also argues that Dos Amigos is in a far better position to reproduce emails with their attachments than for SYM to determine which emails have missing attachments. Reply at 11-12.

The Court agrees with SYM. The ESI Protocol grid contains descriptions of required metadata to be produced by the parties, which includes field names and field descriptions of emails that contain a parent record and attached documents in the family. ECF No. 64-11 at 2. This shows, at the least, that production of emails using the family approach was provided for. This Court agrees with those courts that have held that emails produced in discovery should be accompanied by their attachments. Virco Mfg. Corp. v. Hertz Furniture Sys., No. CV 13-2205 JAK(JCX), 2014 WL 12591482, at *5-6 (C.D. Cal. Jan. 21, 2014) (citing cases). To do otherwise is effectively a redaction of responsive discovery. See id. Accordingly, the Court **GRANTS** SYM's motion to compel

/ / /

Dos Amigos to reproduce emails with their attachments in consecutive, bates-numbered order.

## CONCLUSION

Plaintiff's motion to compel responses and productions of documents and ESI is **GRANTED IN PART** as follows:

1.      Paoli must search for and produce documents and ESI that are responsive to RFP Nos. 29, 30, 31, and 33.

2.      Paoli must search for and produce documents and ESI that are responsive to RFP No. 32 for the timeframe of September 1, 2015 through December 31, 2016.

3      Paoli must search for and produce documents and ESI that are responsive to RFP Nos. 34 and 35. Paoli's response must also indicate if he is withholding responsive material; if he has produced all responsive documents in his possession, custody or control; or if there are no responsive documents.

4.      Paoli must amend his responses to indicate he will search for materials responsive to RFP No. 39 dating back to January 1, 2010 and to produce responsive documents and ESI, if any exist.

5.      Paoli must search for and produce documents and ESI responsive to RFP Nos. 40 through 51, as requested (without the limitation of explicitly "referencing"), if any exist.

6.      Paoli must search for and produce documents and ESI responsive to RFP Nos. 52, 54, 55, 59, and 60. Paoli's responses must be complete, explicit, and responsive; if responsive material has already been produced, Paoli must identify the material and its location.

7.      Paoli must produce the electronic copy of the accounting program, or native files with original metadata intact, for the requested time period, pursuant to RFP No. 53.

8.      Paoli must search for and produce documents and ESI responsive to RFP Nos. 56, 57, and 58.

/ / /

9.   Paoli must search for and produce documents and ESI responsive to RFP No. 61, and designate the material as "attorneys' eyes only."

10.   Dos Amigos shall reproduce emails with their attachments in consecutive, bates-numbered order.

11.   All additional documents and ESI must be produced in a rolling production with the first production due on or before **February 19, 2018**, and a final production due on or before **February 25, 2019**.

**IT IS SO ORDERED**.

Dated:  February 13, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge