UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANCHEZ Y MARTIN, S.A. DE C.V.,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DOS AMIGOS, INC.; and<br>PABLO PAOLI,<br><br>　　　　　　　　　　　Defendants. | Case No.: 17cv1943-LAB (LL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF AND COUNTER-DEFENDANT SANCHEZ Y MARTIN, S.A. DE C.V.'S MOTION TO COMPEL:**<br>**(1) WITNESS ON 30(b)(6) TOPICS;**<br>**(2) PRODUCTION OF DOCUMENTS; AND**<br>**(3) REQUEST FOR ADDITIONAL TIME AT DEPOSITION**<br><br>**[ECF No. 74]** |
| DOS AMIGOS, INC.,<br><br>　　　　　　　　　　　Counter Claimant,<br><br>v.<br><br>SANCHEZ Y MARTIN, S.A. DE C.V.;<br>and ROES 1 through 20,<br><br>　　　　　　　　　　　Counter Defendant. | |

Currently before the Court is Plaintiff and Counter-defendant Sanchez Y Martin, S.A. de C.V.'s Motion to Compel (1) Witness on 30(b)(6) topics; (2) Production of Documents; and (3) Request for Additional Time at Deposition. [ECF No. 74-1 ("Mot.")], and Defendants and Counter-claimants Dos Amigos, Inc. and Pablo Paoli's Opposition.

1

[ECF No. 76 ("Oppo.")]. For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

## PROCEDURAL HISTORY

On August 2, 2017, Plaintiff Sanchez Y Martin, S.A. de C.V. ("SYM") filed a complaint against Defendants in California state court alleging (1) failure to pay for balance on open book account; (2) breach of promissory note; and (3) breach of personal guaranty. ECF No. 1-2. On September 25, 2017, Defendant Pablo Paoli ("Paoli") removed the case to federal court and Defendant Dos Amigos, Inc. ("Dos Amigos") filed a counterclaim against SYM alleging breaches of non-disclosure agreement and fraud and deceit. ECF Nos. 1, 4. The counterclaim seeks, *inter alia*, compensatory damages no less than one million dollars; damages arising from the loss of prospective sales to its clients; consequential and/or incidental damages; proximately caused damages including lost profits, expenses, loss of goodwill, loss of reputation, and loss of customers; and punitive damages. ECF No. 4 at 9-10. On June 8, 2018, SYM filed a First Amended Complaint ("FAC") alleging (1) failure to pay for balance on open book account against Defendant Dos Amigos; (2) breach of promissory note against Defendant Dos Amigos; and (3) breach of personal guaranty against Defendant Paoli. ECF No. 44 ("FAC"). In the FAC, Plaintiff alleges that "Defendants Dos Amigos and Paoli were the agents, joint venturers and/or alter egos of each other"; that "Paoli dominated and controlled Dos Amigos"; and that "Paoli comingled funds and other assets, failed to segregate funds of the allegedly separate entity, and transferred assets between himself and the entity, all with no substantial business justification and in derogation of the rights of contractual partners." Id., ¶ 5.

## RELEVANT DISCOVERY AND FACTUAL BACKGROUND

On January 16, 2018, the Court issued a Scheduling Order Regulating Discovery and Other Pretrial Proceedings. ECF No. 17. On June 4, 2018, the Court issued an order granting the parties' joint motion to amend the scheduling order to extend deadlines. ECF No. 42. On August 27, 2018, the Court issued an order granting the parties' second joint motion to extend discovery and pretrial deadlines. ECF No. 51.

On December 21, 2018, SYM served its Rule 30(b)(6) Deposition Notice to Dos Amigos, which included Topic Nos. 1 through 31 and Requests for Production ("RFP") Nos. 1 through 7. ECF No. 74-2, Declaration of Jacob Kozaczuk ("Kozaczuk Decl.") at 5-16.

On January 24, 2019, counsel for SYM and counsel for Defendants jointly contacted the Court after meet and confer efforts failed regarding a discovery dispute concerning the deposition of Defendant Dos Amigos, Inc.'s 30(b)(6) witness.[1] ECF No. 70. After a follow-up conference call on January 31, 2019, the Court issued a briefing schedule. Id. The parties timely filed the motion and response in accordance with the schedule. See Mot., Oppo.

Subsequently, Defendants filed a document titled "Objections To SYM's Efiling of Unredacted Deposition Transcripts in ECF No. 74-2." ECF No. 77. In it, Defendants objected to the efiling of unredacted excerpts of a rough deposition transcript as part of ECF No. 74-2 for failing to follow the stipulated protective order [ECF No. 36] regarding the designation of confidentiality on deposition transcripts. Id. The Court will therefore consider the filings with the exclusion of the deposition excerpts in ECF No. 74-2.

## LEGAL STANDARD

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

---

[1] In the conference call with chambers, the parties indicated that the dispute arose on January 23, 2019, during the deposition of Dos Amigos' 30(b)(6) witness.

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure of discovery." Fed. R. Civ. P. 37(a)(1). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26. Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of "clarifying, explaining and supporting its objections." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

Rule 30(b)(6) provides that "[i]n its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6).

"[A] federal court sitting under diversity jurisdiction in California will apply California law as to the right of privacy." Madrigal v. Allstate Indem. Co., No. CV 14-4242 SS, 2015 WL 12746225, at *6 (C.D. Cal. Apr. 22, 2015). "To resolve privacy objections to a discovery request, courts must balance 'the need for the information sought against the privacy right asserted.'" Applied Med. Distribution Corp. v. Ah Sung Int'l Inc.,

No. SACV141900JVSRNBX, 2015 WL 12910698, at *3 (C.D. Cal. Dec. 21, 2015) (quoting Soto, 162 F.R.D. at 616). "When conducting this balancing test, courts may cure any outstanding privacy concerns by granting discovery subject to an appropriate protective order." Id.

## DISCUSSION

SYM seeks an order from the Court ordering Dos Amigos to (1) appear for a full day of deposition within five days; (2) testify as to Topic Nos. 18, 24, and 31; and (3) produce all documents responsive to RFP Nos. 1 through 7 before or at the time appointed for the continuance of the deposition. Mot. at 14.

As an initial matter, the Court notes that SYM also stated that "[i]n the event SYM's other Motion to Compel is granted, the document requests that are the subject of this motion will be moot. It is not SYM's intention to compel Mr. Paoli and Dos Amigos to produce the same documents." Id. at 13, n.3. On February 13, 2019, the Court granted in part SYM's motion to compel production of documents. ECF No. 78. Accordingly, the Court finds that SYM's motion to compel production of documents responsive to RFP Nos. 1 through 7 is deemed moot.

### A. Topic Nos. 18, 24, and 31

In SYM's notice to Dos Amigos for its 30(b)(6) deposition, SYM included the following topics:

(a) "Topic No. 18: DOS AMIGOS' alleged efforts to bring DOS AMIGOS' debt to SYM current, including but not limited to, potential investment by Alia Capital Partners, the sale of the Chaparritas brand, and a potential loan from Pacific Commerce Bank." [Kozaczuk Decl. at 11]

(b) "Topic No. 24: DOS AMIGOS' financial condition from 2005 to the present." [Kozaczuk Decl. at 12]

(c) "Topic No. 31: DOS AMIGOS' relationship and business dealings with other companies and/or affiliates under common ownership, including but not limited to, Dos Amigos Brands and Pafer Foods & Beverages." [Kozaczuk Decl. at 13].

In its motion, SYM asserts that Pablo Paoli, the sole owner of Dos Amigos, appeared on behalf of Dos Amigos for the 30(b)(6) deposition, but he refused to answer material questions on Topic Nos. 18, 24, and 31, claiming privacy reasons. Mot. at 9, 11. SYM argues that (1) the parties entered into a Stipulated Protective Order [ECF No. 36] that would safeguard any private information and "obviates the refusal to answer questions based on privacy"; and (2) Mr. Paoli's counsel effectively instructed Mr. Paoli not to answer questions by making her privacy objections. Mot. at 11-12. SYM also argues that Topic Nos. 18, 24, and 31 are relevant because (1) they relate to the debt Defendants owe to SYM, which is the "centerpiece of SYM's claims"; (2) Mr. Paoli's efforts to repay the debt to SYM is relevant and questions on this topic are likely to lead to the discovery of admissible evidence; (3) "Dos Amigos' financial condition is relevant to Dos Amigos' damages claims and will allow SYM's retained damages expert to perform an independent analysis of these claims"; (4) "Dos Amigos' relationship and business dealings with other companies and affiliates under common ownership is highly relevant to both SYM's claims as well as SYM's defenses to Defendants' counterclaims" because SYM alleges that "Defendants diverted the money received from selling SYM's products into other companies under common ownership"; and (5) Dos Amigos' relationship with other companies under common ownership is also relevant to Defendants' counterclaims because Defendants allege that they entered into an unwritten exclusive distribution agreement with SYM that is similar to agreements Dos Amigos entered into with other companies that Defendants own, and because Dos Amigos claims it incurred marketing and other expenses that should offset any debt to SYM. Id. at 8-9.

In its opposition, Dos Amigos argues that Topic Nos. 18, 24 and 31 are not materially relevant to this lawsuit and that they seek to invade the privacy rights of Dos Amigos and third parties for the following reasons: (1) The information sought in these topics is irrelevant because in a previous order, the Court found other documents requested from a non-party to be irrelevant, stating, "The requested documents pertain to the financial condition of [Dos Amigos] and the Non-Party Entities and do not speak to the issue of

whether SYM breached the NDA or acted with fraud and deceit in the manner alleged in [Dos Amigos'] counterclaim"; [Oppo. at 5-6, quoting ECF No. 39 at 11 (Order Denying Plaintiff's Motion For An Order To Show Cause Why A Contempt Citation Should Not Issue Against Alia Capital Partner, Inc.)]; and (2) the asserted privacy rights should weigh toward non-disclosure because SYM has failed to show "how and why the information it seeks is necessary, or even materially relevant, to the claims or defenses in this case." [Oppo. at 7-8.]

1. **Topic No. 18**

As stated above, "Topic No. 18: DOS AMIGOS' alleged efforts to bring DOS AMIGOS' debt to SYM current, including but not limited to, potential investment by Alia Capital Partners, the sale of the Chaparritas brand, and a potential loan from Pacific Commerce Bank." Kozaczuk Decl. at 11.

The Court finds SYM has failed to establish Topic No. 18's relevance. SYM argues Topic No. 18 is relevant because SYM alleges Defendants owe a debt to SYM, and Mr. Paoli's efforts to repay this debt are relevant to this claim. However, SYM does not explain how the "potential investment by Alia Capital Partners, the sale of the Chaparritas brand, and a potential loan from Pacific Commerce Bank" referenced in Topic No. 18 are connected to "Mr. Paoli's efforts to repay the debt to SYM." A review of the First Amended Complaint [ECF No. 44] and Defendants' counterclaims [ECF No. 4] also fail to show the relevance of these three transactions. Accordingly, the Court **DENIES** SYM's motion to compel further deposition on Topic No. 18.[2] See Carrera v. First Am. Home Buyers Prot. Co., No. 13CV1585-BAS JLB, 2014 WL 3695403, at *1 (S.D. Cal. July 23, 2014) ("[T]he requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied . . . ." (quoting Herbert v. Lando, 441 U.S. 153, 177 (1979))).

///

---

[2] The Court notes that it is not persuaded by Dos Amigos' argument that Topic No. 18 is irrelevant because of a prior Court order issued on May 24, 2018 [ECF No. 39]. See infra, Discussion, A.2.

7

17cv1943-LAB (LL)

## 2. Topic No. 24

As stated above, "Topic No. 24: DOS AMIGOS' financial condition from 2005 to the present." Kozaczuk Decl. at 12.

First, the Court agrees with SYM that Topic No. 24 is relevant because Dos Amigos' financial condition is relevant to Dos Amigos' damages claims and will allow SYM's retained damages expert to perform an independent analysis of these claims. See Gorlick Distribution Centers, LLC v. Car Sound Exhaust Sys., Inc., No. C07-1076RAJ, 2010 WL 11526884, at *1-2 (W.D. Wash. Oct. 27, 2010) (finding that requested financial information was at least marginally relevant to potential expert opinions regarding damage calculations, which included a claim for lost profits).

The Court disagrees with Dos Amigos' argument that Topic No. 24 is irrelevant because of the Court order issued on May 24, 2018 [ECF No. 39]. That order concerned a subpoena served by SYM upon Alia Capital Partners, Inc. ("Alia") to produce documents and communications between Alia and VLH Accountants and Consultants ("VLH") regarding a financial purchase audit report of Dos Amigos and two related companies created by VLH for Alia when Alia was interested in acquiring Dos Amigos. ECF No. 39 at 2-3. With respect to relevance, SYM's sole argument was related to Dos Amigos' counterclaim. See id. at 10. The Court then stated, "The requested documents pertain to the financial condition of [Dos Amigos] and the Non-Party Entities and do not speak to the issue of whether SYM breached the NDA or acted with fraud and deceit in the manner alleged in [Dos Amigos' counterclaim]. The VLH report is not needed for SYM to defend itself against [Dos Amigos'] counterclaims." Id. at 11. Thus, the May 24, 2018 order finding the subpoena irrelevant was specific to the VLH report and its relevance as to Dos Amigos' counterclaims. The Court did not make any determination of relevance as to Dos Amigos' "financial condition" generally in the May 24, 2018 order.

Regarding Dos Amigos' privacy objection, the Court finds that SYM's need for the information outweighs the privacy right asserted. See Applied Med. Distribution Corp. v. Ah Sung Int'l Inc., 2015 WL 12910698, at *3. Dos Amigos claims damages including lost

profits and loss of good will, and by doing so, has put its financial condition at issue, which weighs toward disclosure. See Valencia v. Crop Prod. Servs. Inc., No. 18-CV-0678-JAH-MDD, 2018 WL 5840051, at *1 (S.D. Cal. Nov. 8, 2018) ("The Court finds that Plaintiff has placed his income directly in issue by claiming damages for lost profits.") Additionally, Dos Amigos has not stated how it would be harmed by disclosing this information, which weighs toward disclosure. See Multiven, Inc. v. Cisco Sys., Inc., No. C 08-05391 JW (HRL), 2010 WL 2607135, at *3 (N.D. Cal. June 22, 2010) ("Without more, simply asserting a privacy right does not outweigh a party's legitimate right to discover relevant facts concerning its defenses.") The Court also finds that privacy concerns can be mitigated by the parties' stipulated protective order [ECF No. 36]. See Textron Fin. Corp. v. Gallegos, No. 15CV1678-LAB (DHB), 2016 WL 4077505, at *4 (S.D. Cal. Aug. 1, 2016) (finding a party's concerns about financial privacy can be addressed through an appropriate protective order); Applied Med. Distribution Corp. v. Ah Sung Int'l Inc., 2015 WL 12910698, at *3; In re Heritage Bond Litig., No. CV 02-1475-DT(RCX), 2004 WL 1970058, at *5, n.12 (C.D. Cal. July 23, 2004) ("Any privacy concerns [] defendants have in their bank records and related financial statements are adequately protected by the protective order, and are not sufficient to prevent production in this matter.") Accordingly, the Court **GRANTS** SYM's motion to compel further deposition of Dos Amigos' 30(b)(6) witness on Topic No. 24.

    **3.    Topic No. 31**

As stated above, "Topic No. 31: DOS AMIGOS' relationship and business dealings with other companies and/or affiliates under common ownership, including but not limited to, Dos Amigos Brands and Pafer Foods & Beverages." Kozaczuk Decl. at 13.

First, the Court agrees with SYM that Topic No. 31 is relevant because Dos Amigos' relationship and business dealings with other companies and affiliates under common ownership is relevant to SYM's claims and defenses related to SYM's allegations that "Mr. Paoli is the alter ego of Dos Amigos, and Mr. Paoli comingled funds and other assets between himself, Dos Amigos, and other entities that he owns." Mot. at 9;

see also FAC, ¶ 5; Del Campo v. Am. Corrective Counseling Servs., Inc., No. C 01-21151 JW, 2008 WL 4858502, at *5 (N.D. Cal. Nov. 10, 2008) (finding that the financial information sought was relevant to determine whether the "entity defendants" were merely alter egos of the "individual defendants"). As discussed above, the Court disagrees with Dos Amigos' argument that Topic No. 31 is irrelevant because of the Court order issued on May 24, 2018 [ECF No. 39]. See supra, Discussion A.2.

Regarding Dos Amigos' privacy objection, the Court finds that SYM's need for the information outweighs the privacy right asserted. See Applied Med. Distribution Corp. v. Ah Sung Int'l Inc., 2015 WL 12910698, at *3. SYM has demonstrated that Topic No. 31 is relevant to its claims and defenses regarding allegations that an alter ego relationship exists, which weighs toward disclosure. See Del Campo v. Am. Corrective Counseling Servs., Inc., 2008 WL 4858502, at *4. Additionally, Dos Amigos has not stated how it would be harmed by disclosing this information, which weighs toward disclosure. See Multiven, Inc. v. Cisco Sys., Inc., 2010 WL 2607135, at *3 ("Without more, simply asserting a privacy right does not outweigh a party's legitimate right to discover relevant facts concerning its defenses.") The Court also finds that privacy concerns can be mitigated by the parties' stipulated protective order [ECF No. 36]. See Del Campo v. Am. Corrective Counseling Servs., Inc., 2008 WL 4858502, at *5. Accordingly, the Court **GRANTS** SYM's motion to compel further deposition of Dos Amigos' 30(b)(6) witness on Topic No. 31.

## B.  Additional Time For Deposition

SYM requests that the Court order Dos Amigos to appear for an additional full day of deposition within five days because of "delay tactics" that forced SYM to spend hours during the original deposition to finally confirm that (1) Mr. Paoli was indeed the proper individual designated for each topic identified in the notice for Dos Amigos' 30(b)(6) deposition, but (2) that Mr. Paoli refused to testify on Topic Nos. 18, 24, and 31. Mot. at 9. Dos Amigos does not offer any arguments against SYM's request for an additional day of deposition. However, the Court notes that defense counsel stated that following SYM's deposition notice to Dos Amigos, she personally served on SYM's counsel objections to

the noticed deposition, which included objections to Topic Nos. 18, 24, and 31. ECF No. 76-1, Declaration of Margarita Haugaard ("Haugaard Decl."), ¶¶ 3-4. Defense counsel states that SYM failed to respond. Id., ¶¶ 6-8.

The Court finds that both parties are partially at fault. Had the parties appropriately met and conferred after Dos Amigos objected to the noticed deposition, the issues could have been resolved prior to the deposition or in a Motion for Protective Order filed and resolved prior to the deposition. However, the Court finds that additional time to depose Dos Amigos' 30(b)(6) witness is appropriate in light of the Court's granting SYM's motion to compel further deposition on Topic Nos. 24 and 31. See Mattel, Inc. v. MGA Entm't, Inc., No. CV049049DOCRNBX, 2011 WL 13128607, at *1 (C.D. Cal. Jan. 18, 2011) (finding additional time to examine the deponent was both necessary and fair to allow questions about subject matter not covered during the first deposition). Dos Amigos' resumed deposition shall be limited to five hours on the record on Topic Nos. 24 and 31.

## CONCLUSION

Plaintiff's motion to compel Dos Amigos on 30(b)(6) topics and production of requested documents is **GRANTED IN PART AND DENIED IN PART** as follows:

1. SYM's request for production of requested documents is deemed moot.

2. SYM's motion to compel further deposition from Dos Amigos' 30(b)(6) witness on Topic No. 18 is **DENIED**.

3 SYM's motion to compel further deposition from Dos Amigos' 30(b)(6) witness on Topic No. 24 is **GRANTED**.

4. SYM's motion to compel further deposition from Dos Amigos' 30(b)(6) witness on Topic No. 31 is **GRANTED**.

5. Dos Amigos' resumed deposition shall be limited to seven hours on the record.

6. The parties shall meet and confer regarding the date and location of Dos Amigos' resumed deposition. The deposition must occur on or before **March 5, 2019**.

**IT IS SO ORDERED**.

Dated: February 19, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge