UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANCHEZ Y MARTIN, S.A. DE C.V.,<br><br>Plaintiff,<br><br>v.<br><br>DOS AMIGOS, INC.;<br>PABLO PAOLI; and<br>DOES 1-100,<br><br>Defendants<br>_____<br><br>AND RELATED COUNTERCLAIMS. | Case No.: 17cv1943-LAB (LL)<br><br>**ORDER RE EX PARTE APPLICATION REQUESTING A HEARING TO CLARIFY THE SCOPE OF REQUEST NO. 53**<br><br>**(ECF No. 86)** |

On March 19, 2019, Defendants filed an ex parte application "for the purpose of seeking an opportunity to be heard before the Court as to the scope of production corresponding to Mr. Paoli's Amended Response to Request for Production No. 53" ("ex parte application"). ECF No. 86 at 2. Also on March 19, 2019, Plaintiff filed an objection to the ex parte application asking the Court to reject it as an improper attempt to relitigate matters already decided by the Court and for failure to comply with filing requirements for ex parte applications pursuant to Chambers Rules of the undersigned Magistrate Judge and Civil Local Rules. ECF No. 88. The Court takes note of the objection

1

but finds it appropriate to issue the instant order to facilitate discovery because the deadline for completion of fact discovery was February 7, 2019. See ECF No. 51 at 2.

As a preliminary matter, the Court notes that the substantive issues regarding Request for Production ("RFP") No. 53 were briefed by the parties in a discovery motion and ruled on by this Court in an order issued on February 13, 2019. See ECF No. 78 at 17-18. RFP No. 53 was propounded by Plaintiff and requests the following: "Electronic copy of DOS AMIGOS' accounting program (e.g., not limited Peachtree, Sage 50 Accounting, QuickBooks, etc.) for the years ended December 31, 2005 through December 31, 2017, and through the most current period." ECF No. 62-2 at 13. On January 17, 2019, counsel for both Plaintiff and Defendants held a conference call with chambers staff to describe discovery issues, including RFP No. 53, as required by Chambers Rules.[1] Following the call, the Court issued a briefing schedule for Plaintiff's Motion to Compel. ECF No. 61. Plaintiff filed its Motion to Compel on January 24, 2019, which included the following: "RFP No. 53 calls for an electronic copy of Dos Amigos' accounting program. Alternatively, [Plaintiff] has agreed to accept files from Dos Amigos' accounting program in native format with all original metadata intact." ECF No. 64 at 20. In Defendant Paoli's opposition to the motion to compel, he argued that the RFPs, including RFP No. 53, were untimely. ECF No. 69 at 2-6. Defendant Paoli added one additional sentence regarding RFP No. 53, stating that the request was an abuse of discovery and was not produced. Id. at 6. After consideration of the parties' briefing documents and the record, the Court issued an order granting Plaintiff's Motion to Compel RFP No. 53, stating the following: "Paoli must produce the electronic copy of the accounting program, or native files with original metadata intact, for the requested time period." ECF No. 78 at 17-18, 22. The Court

---

[1] The Court finds certain representations made by Defendants concerning conference calls with chambers staff to be inaccurate. Regarding the briefing schedule that issued following the January 17, 2019 conference call, Defendants incorrectly state that the "Law Clerk declined to modify the briefing dates" to accommodate Defendants' suggested briefing dates for Plaintiff's Motion to Compel. ECF No. 86 at 3. The undersigned Magistrate Judge issued the briefing schedule, not the law clerk.

2

17cv1943-LAB (LL)

further specified that "[a]ll additional documents and ESI must be produced in a rolling production with the first production due on or before **February 19, 2018**, and a final production due on or before **February 25, 2019**." Id. at 23.

Since the order granting Plaintiff's Motion to Compel production of various discovery requests—including RFP No. 53—was issued, RFP No. 53 has been discussed in two additional discovery dispute conference calls with chambers staff. On March 7, 2019, the parties informed chambers that RFP No. 53 had not yet been produced. Instead, Defendants had served an amended response to RFP No. 53 on February 25, 2019 stating in part, "Responding Party will provide relevant native files that do not include privileged information (nor third-party confidential information) using technical means agreed upon by counsel and at a time and place agreed upon by counsel." See ECF No. 86 at 4. Defendants claimed that they were having technical difficulties in filtering out privileged information from the accounting records. Defense counsel also asked if the Court requires RFP No. 53 to include irrelevant documents and privileged documents. The Court disagrees with defense counsel's recollection that "both of these inquiries were responded to in the negative by the Law Clerk."[2] Id. at 5. The law clerk referred defense counsel to the order granting Plaintiff's Motion to Compel RFP No. 53. RFP No. 53 was also the subject of a discovery dispute conference call with chambers on March 20, 2019. Plaintiff requested the Court issue an Order to Show Cause why Defendant Paoli should not be held in contempt for failing to comply with the Court's February 13, 2019 order, and why Defendants should not be sanctioned for failing to comply. Defendants stated that they required the Court's clarification on RFP No. 53 and so had filed the instant ex parte application.

---

[2] The Court also disagrees with additional representations by defense counsel concerning the March 7, 2019 conference call with chambers. Contrary to defense counsel's claims, the law clerk did not state that the clerk or the undersigned Magistrate Judge would call the parties back. The clerk clearly stated that the Court would either call the parties in a conference call, issue a briefing schedule, or issue an order. The Court subsequently issued a briefing schedule on March 11, 2019. ECF No. 83.

The Court finds that rather than seeking clarification regarding the order granting the motion to compel RFP No. 53, Defendants are effectively asking for a motion for reconsideration. See Kilbourne v. Coca-Cola Co., No. 14cv984-MMA (BGS), 2015 WL 10943610, at *2 (S.D. Cal. Sept. 11, 2015) ("A timely filed motion for reconsideration under a local rule is a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e)." (citing Bestran Corp. v. Eagle Comtronics, Inc., 720 F.2d 1019, 1019 (9th Cir. 1983))); see also CivLR 7.1.i.1. (permitting application for reconsideration). Defendants' ex parte application argues that RFP No. 53 is "materially irrelevant, privileged, and not proportional to the needs of this case." ECF No. 86 at 9. Defendants had an opportunity to make these arguments in its opposition to Plaintiff's Motion to Compel but chose to make a different argument. See ECF No. 69 at 2-6. The arguments presented in the instant application were known to Defendants at the time of the filing of the Motion to Compel. The Court declines to relitigate the motion to compel RFP No. 53. See Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion [for reconsideration] may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."); Kilbourne v. Coca-Cola Co., No. 14cv984-MMA (BGS), 2015 WL 10943610, at *2 (S.D. Cal. Sept. 11, 2015) ("Further, it is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" (internal quotation marks and citation omitted)). To the extent that this ex parte application is a motion for reconsideration of the order granting the motion to compel RFP No. 53, the Court denies it.

Regarding clarification, the Court finds that its February 13, 2019 order granting Plaintiff's Motion to Compel plainly states that Defendant Paoli must produce the electronic copy of the accounting program, or native files with original metadata intact, for the requested time period, no later than February 25, 2019. ECF No. 78 at 17-18, 22. To the extent there are attorney-client privileged documents in the accounting records, they are to be treated according to the Federal Rules of Civil Procedure. To the extent there are

4

other issues of confidentiality, the parties' stipulated protective order provides for the designation of materials as "confidential" or "confidential – for counsel only." ECF No. 36. Thus, Defendant must produce a copy of the entire accounting program, or native files with original metadata intact, for the requested time period, with the exception of attorney-client privileged materials. The Court notes that Defendant Paoli is twenty-five days past the deadline for production of RFP No. 53, and subsequently **ORDERS** Defendant to produce RFP No. 53 to Plaintiff on or before **March 26, 2019**. The Court **DENIES** Defendants' request for a hearing.

**IT IS SO ORDERED**.

Dated: March 22, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge