UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANCHEZ Y MARTIN, S.A. DE C.V., <br><br> Plaintiff, <br><br> v. <br><br> DOS AMIGOS, INC.; <br> PABLO PAOLI; and <br> DOES 1-100, <br><br> Defendants <br> _____ <br><br> AND RELATED COUNTERCLAIMS. | Case No.: 17cv1943-LAB-LL <br><br> **ORDER** <br> **(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** <br> **[ECF No. 92]** <br><br> **(2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR REASONABLE EXPENSES, INCLUDING ATTORNEYS' FEES** <br> **[ECF No. 101]** |

Before the Court are (1) Plaintiff's motion for attorneys' fees and costs incurred in bringing two motions to compel [ECF No. 92 (hereinafter "First Motion for Fees")]; and (2) Plaintiff's motion for reasonable expenses, including attorneys' fees, for Defendant's alleged failure to "timely and fully comply" with the Court's discovery orders [ECF No. 101 (hereinafter "Second Motion for Fees")]. Defendants filed oppositions to First Motion for Fees [ECF No. 95 (hereinafter "Oppo. First Mot.")] and Second Motion for Fees [ECF No. 102 (hereinafter "Oppo. Second Mot.")]. Plaintiff filed a reply to Oppo. First Mot.

[ECF No. 98 (hereinafter "Reply First Mot.")] and a reply to Oppo. Second Mot. [ECF No. 103 (hereinafter "Reply Second Mot.")]. For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's First Motion for Fees, and **GRANTS IN PART AND DENIES IN PART** Plaintiff's Second Motion for Fees.

## I.    BACKGROUND

On February 13, 2019, the Court issued an order granting in part Plaintiff's motion to compel amended responses and production of documents and ESI [ECF No. 64]. ECF No. 78 (hereinafter "Court's February 13 Order"). In that order, the Court (1) granted all of Plaintiff's requests to compel Defendant Pablo Paoli's production of documents and ESI responsive to numerous Requests for Production ("RFP")[1], except that the Court limited the timeframe for one RFP[2]; and (2) granted Plaintiff's request to compel Defendant Dos Amigos to reproduce responsive emails with their attachments. Id. The Court ordered Defendants to produce the responsive documents and ESI by February 25, 2019. Id. at 23.

On February 19, 2019, the Court issued an order granting in part and denying in part Plaintiff's (1) motion to compel witness on 30(b)(6) topics; (2) motion to compel production of documents; and (3) request for additional time at deposition [ECF No. 74]. ECF No. 80 (hereinafter "Court's February 19 Order").

On March 22, 2019, the Court issued an order denying Defendants' ex parte application requesting a hearing to clarify the scope of RFP No. 53 [ECF No. 86]. ECF No. 89 (hereinafter "Court's March 22 Order"). In that order, the Court noted that Defendant Paoli was twenty-five days past the deadline for the Court-ordered production of RFP No. 53, and subsequently ordered Defendant Paoli to produce RFP No. 53 to Plaintiff by March 26, 2019. Id. at 5.

/ / /

/ / /

---

[1] Specifically, RFP Nos. 29, 30, 31, 32, 33, 34, 35, and 39 through 61 were at issue.
[2] The Court limited the timeframe for RFP No. 32 as it was originally propounded.

## II.     LEGAL STANDARD

If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed R. Civ. P. 37(a)(5)(A). The court must not order payment if the moving party filed the motion before attempting in good faith to obtain discovery without court intervention; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust. Id. If the court grants in part and denies in part a motion to compel discovery, the court may "apportion the reasonable expenses for the motion" after giving an opportunity to be heard. Fed. R. Civ. P. 37(a)(5)(C).

"If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery," the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b).

An action in the discovery context is "substantially justified" if reasonable people could differ on the matter in dispute. See Pierce v. Underwood, 487 U.S. 552, 565 (1988) (describing "substantially justified" as satisfied if there is a "genuine dispute" or "if reasonable people could differ as to the appropriateness of the contested action" (citations omitted)); Reygo Pac. Corp. v Johnston Pump Co., 680 F.2d 647, 649 (9th Cir. 1982), abrogated on other grounds by Cunningham v. Hamilton Cty., Ohio, 527 U.S. 198, 210 (1999); Shirley v. Allstate Ins. Co., No. 18cv994-AJB-BGS, 2019 WL 3208000, at *9 (S.D. Cal. July 16, 2019).

/ / /

/ / /

/ / /

**III.   DISCUSSION**

**A.   First Motion for Fees [ECF No. 92]**

In the First Motion for Fees, Plaintiff seeks expenses related to making two motions to compel. First Motion for Fees at 2. The Court will address each one separately below.

**1.   Plaintiff's First Motion to Compel [ECF No. 64]**

**a.   Parties' Arguments**

Plaintiff seeks expenses of $44,541.75 in attorneys' fees and costs incurred in making its motion to compel amended responses and production of documents and ESI [ECF No. 64]. First Motion for Fees at 2. Defendants oppose the request because they claim that (1) it would be unjust; (2) there was a genuine dispute; (3) the hours expended are unreasonable; and (4) the fees are unreasonable. Oppo. First Mot. at 3-6. Defendants also argue that the discretionary standard of Federal Rule of Civil Procedure 37(a)(5)(C) applies because the Court "granted in part" Plaintiff's motion. Id. at 3. In its reply, Plaintiff argues that (1) pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), the Court "must" award reasonable expenses because the Court granted all of Plaintiff's requests made in its first motion to compel and no exceptions to the Rule apply[3]; and (2) Plaintiff's fees request satisfies the lodestar standard.[4] Reply First Mot. at 2-6.

**b.   Some Opposition was Substantially Justified**

First, the Court finds that Defendants' opposition to twenty-one of the thirty-one requests[5] in the motion to compel was not substantially justified because Defendants relied on a meritless argument that those requests were untimely. See Court's February 13 Order at 12-19. The cases cited by Defendants were inapposite and the Court finds that reasonable people could not differ as to the timeliness of the requests. See Pierce v. Underwood,

---

[3] Specifically, Plaintiff argues that an award of expenses would not be unjust, and Defendants were not substantially justified in opposing the motion to compel. Reply First Mot. at 2-4.

[4] See infra Section III.C.

[5] The motion to compel involved thirty Requests for Production ("RFP") and one ESI/email attachments request. See Court's February 13 Order. Defendants argued that the following RFPs were untimely: RFP Nos. 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, and 60.

487 U.S. at 565; <u>Reygo Pac. Corp. v Johnston Pump Co.</u>, 680 F.2d at 649. Additionally, the Court finds that Defendants' opposition to the request to produce email attachments to responsive emails was not substantially justified and reasonable people could not differ as to the appropriateness of the request because Defendants' arguments were meritless, the parties' ESI Protocol provided for attachments to be included with responsive emails, and persuasive case law held that emails produced in discovery should be accompanied by their attachments. <u>See</u> <u>Pierce v. Underwood</u>, 487 U.S. at 565; <u>Reygo Pac. Corp. v Johnston Pump Co.</u>, 680 F.2d at 649; <u>see also</u> Court's February 13 Order at 21-22.

The Court finds that Defendants' opposition to the remaining nine requests were sufficient to be deemed substantially justified even though the Court was not persuaded by Defendants. Defendants argued that seven of those requests were overbroad, and taking a generous view, the Court finds it possible that reasonable people could differ on the appropriate scope of the requests.[6] <u>See</u> Court's February 13 Order at 6, 11, 20; <u>see also</u> <u>Pierce v. Underwood</u>, 487 U.S. at 565; <u>Reygo Pac. Corp. v Johnston Pump Co.</u>, 680 F.2d at 649. For two other requests, Defendants opposed discovery because they had provided amended responses that they felt were sufficient, and the Court finds it possible that reasonable people could differ on the issue.[7] <u>See</u> Court's February 13 Order at 8-9; <u>see also</u> <u>Pierce v. Underwood</u>, 487 U.S. at 565; <u>Reygo Pac. Corp. v Johnston Pump Co.</u>, 680 F.2d at 649. Thus, the Court finds that Defendants' opposition to twenty-two of the thirty-one requests in Plaintiff's first motion to compel was not substantially justified.

### c. No Other Circumstances Make an Award of Expenses Unjust

Second, the Court does not find that there are other circumstances that would make an award of expenses unjust. <u>See</u> Fed. R. Civ. P. 37(a)(5)(A). Defendants argue that because their conduct was not made in bad faith, an award of expenses would be unjust. Oppo. First Mot. at 3-4. Defendants also argue that Plaintiff "sandbagged" them by getting

---

[6] The seven requests were RFP Nos. 29, 30, 31, 32, 33, 39, and 61.
[7] The two requests were RFP Nos. 34 and 35.

Defendants to agree to an extension of deadlines without disclosing their intention to file a motion for summary judgment soon after, but then refusing to agree to participate in a joint motion when Defendants sought an extension of deadlines due in part to the need to respond to Plaintiff's motion for summary judgment. Id. Defendants claim that Plaintiff's refusal to agree to a reasonable extension of discovery deadlines "resulted in insufficient time for counsel to meaningfully meet and confer to resolve the parties' discovery differences, and it resulted in insufficient time for counsel to prepare full responses" to Plaintiff's motions to compel. Id. at 4.

In the Ninth Circuit, a finding of bad faith is not required for the Court to impose discovery sanctions under Rule 37, but good or bad faith may be considered in determining whether sanctions would be unjust. See Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994); Marquis v. Chrysler Corp., 577 F.2d 624, 641-42 (9th Cir. 1978) ("Although the failure to produce may not have been in bad faith, the presence or absence of bad faith is relevant to the choice of sanctions rather than to the question whether a sanction should have been imposed."). The Court is not persuaded by Defendants' arguments. Defendants were firmly resisting discovery despite meet and confer efforts and the Court is not persuaded that further meet and confer would have resolved the parties' differences. The Court is also unpersuaded by Defendants' argument that they lacked sufficient time to prepare full responses to Plaintiff's motions. Following unsuccessful meet and confer efforts, the parties discussed their arguments regarding each discovery dispute with chambers staff in a conference call, and then the Court issued a briefing schedule. See Court's February 13 Order at 3-4; ECF No. 61 (briefing schedule). Thus, the parties were fully aware of each side's position before the briefing began. Additionally, if Defendants wanted to extend discovery deadlines, but Plaintiff refused to join in the request, there was nothing preventing Defendants from making the motion to the Court on their own. In fact, the undersigned magistrate judge's chambers rules provide for this

/ / /

/ / /

situation. <u>See</u> Judge Lopez's Civil Chambers Rules Sections III.C., IV. Instead, Defendants chose not to file a motion on its own to extend any deadlines.[8] <u>See</u> Docket; ECF No. 69-1 at 10.

### d. Rule 37(a)(5)(A) Applies

Third, the Court finds that "the analysis underlying an award of reasonable expenses pursuant to either Rule 37(a)(5)(A) or Rule 37(a)(5)(C) is the same." <u>Blair v. CBE Group, Inc.</u>, No. 13cv134-MMA-WVG, 2014 WL 4658731, *3 (S.D. Cal. Sept. 16, 2014) (finding that "courts have recognized that the primary difference between these two rules is that one requires the payment of costs, where the other grants the court discretion in making such a determination" (internal quotation marks and citation omitted)). In the Court's February 13 Order, the Court granted all of Plaintiff's requests in the motion to compel and finds that Rule 37(a)(5)(A) appropriately applies. <u>See</u> Court's February 13 Order. In the Court's February 13 Order, the Court noted regarding RFP No. 32 that Plaintiff requested a sixteen-month timeframe in its motion and reply, but the actual propounded RFP asked for a twenty-eight-month timeframe. <u>Id.</u> at 7. Because no one had mentioned the discrepancy, the Court granted in part RFP No. 32 as to the actual propounded RFP, but effectively granted in full Plaintiff's requests in the motion to compel. <u>See</u> <u>id.</u> Even if the discretionary standard of Rule 37(a)(5)(C) applies because the Court "granted in part" Plaintiff's motion, the Court finds it appropriate to apportion reasonable expenses for Plaintiff's motion to compel.

/ / /

/ / /

---

[8] When these discovery disputes were ongoing, defense counsel stated in a declaration that "because federal case law indicates that Ex Parte Applications for time-extensions should include a proposed motion, [she] would no longer be filing an EPA for the extension of certain pre-MSC dates because [she] did not have time to do so." ECF No. 69-1 at 10. However, the Court notes that in the Southern District of California, a proposed motion is not required for an ex parte application for extensions of discovery-related deadlines; instead, a proposed order is required to be lodged for joint motions. <u>See</u> CivLR 7.2.c., 83.3.g.; Judge Lopez's Civil Chambers Rules Sections III.C., IV, VIII.

### e. Conclusion: Plaintiff's First Motion to Compel [ECF No. 64]

Therefore, for the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's First Motion for Fees as to its first motion to compel [ECF No. 64]. After determining the appropriate expenses, the Court will then calculate the proper apportionment of the expenses to be paid by Defendants. The Court will address the reasonable expenses below. See infra Section III.C.

### 2. Plaintiff's Second Motion to Compel [ECF No. 74]

#### a. Parties' Arguments

Plaintiff seeks expenses of $14,922.88 in attorneys' fees and costs incurred in making its motion to compel witness on 30(b)(6) topics, production of documents, and additional time at deposition [ECF No. 74]. First Motion for Fees at 2. Defendants oppose the request because (1) it would be unjust; (2) there was a genuine dispute; (3) Plaintiff failed to make a good faith effort to resolve the dispute prior to filing the motion; (4) the hours expended are unreasonable; and (5) the fees are unreasonable. Oppo. First Mot. at 3-6. In its reply, Plaintiff argues that (1) an award of expenses would not be unjust; (2) Defendants were not substantially justified in opposing the motion to compel; (3) Plaintiff made a good faith effort to resolve the dispute prior to filing its motion to compel; and (4) Plaintiff's fees request satisfies the lodestar standard.[9] Reply First Mot. at 2-6.

#### b. Good Faith Effort Made

First, the Court finds that Plaintiff made a good faith effort to resolve the dispute prior to filing its second motion to compel. Defense counsel states in a declaration that the parties "briefly" discussed the disputes at issue on January 22, 2019, then during a conference call with chambers staff on January 24, 2019, and again during a follow-up conference call with chambers staff on January 31, 2019. ECF No. 95-1, Declaration of

---

[9] See infra Section III.C.

Counsel, Margarita Haugaard ("Haugaard Decl. Fees 1"), ¶¶ 55-63. Plaintiff's counsel contends that they met and conferred in person with defense counsel on January 22 and 24, 2019, "where the parties' positions on the issues were discussed in detail." Reply First Mot. at 5; ECF No. 98-1, Declaration of Adrian Martinez ("Martinez Decl. Fees 1"), ¶¶ 3-7; see also ECF No. 74-2, Declaration of Jacob Kozaczuk, ¶ 7. The Court finds that Plaintiff's in-person meet and confer efforts for this deposition-related dispute were sufficient at the time. Based on the parties' previous discovery disputes, the Court did not find it likely that further meet and confer would resolve the parties' disputes. See Court's February 19 Order at 3.

### c. Rule 37(a)(5)(C) Applies

Second, because the Court "granted in part and denied in part" Plaintiff's second motion to compel [ECF No. 80], Rule 37(a)(5)(C) applies. See Fed. R. Civ. P. 37(a)(5)(C) ("If the motion [to compel discovery] is granted in part and denied in part, the court . . . *may*, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." (emphasis added)). The standard under Rule 37(a)(5)(C) is discretionary. Id. The Court finds that because the second motion to compel was granted in part and denied in part, each side should bear its own costs and expenses. Therefore, the Court exercises its discretion and declines to order Defendants to pay Plaintiff's reasonable expenses incurred in making its second motion to compel [ECF No. 74]. See Fed. R. Civ. P. 37(a)(5)(C).[10]

### d. Conclusion: Plaintiff's Second Motion to Compel [ECF No. 74]

For the reasons set forth above, the Court DENIES Plaintiff's First Motion for Fees as to its second motion to compel [ECF No. 74].

/ / /

/ / /

/ / /

---

[10] Because the Court exercises its discretion, it does not reach the remaining issues, including whether Defendants' position was substantially justified.

9

**3.** **Court's Determination on Plaintiff's First Motion for Attorney Fees' and Costs**

In sum, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's First Motion for Fees for attorneys' fees and costs [ECF No. 92] and will determine reasonable expenses below. See infra Section III.C.

**B. Second Motion for Fees [ECF No. 101]**

In the Second Motion for Fees, Plaintiff seeks expenses of $70,839 in attorneys' fees and costs incurred by Defendants' failure to timely and fully comply with two of the Court's discovery orders [ECF Nos. 78 (hereinafter "Court's February 13 Order"), 89 (hereinafter "Court's March 22 Order")] to produce RFP No. 53, pursuant to Federal Rule of Civil Procedure 37(b). Second Motion for Fees at 2.

**1.** **Parties' Arguments**

**a.** **Plaintiff**

Plaintiff argues that first, Defendants violated the Court's February 13 Order. On February 13, 2019, the Court issued a discovery order that ordered, *inter alia*, Defendant Pablo Paoli to "produce the electronic copy of the accounting program, or native files with original metadata intact, for the requested time period, pursuant to RFP No. 53" by February 25, 2019. Court's February 13 Order at 22-23. Plaintiff states that on February 25, 2019, Defendant Paoli "served an 'amended' response to RFP No. 53 stating he would produce 'relevant' files using 'technical means agreed upon by counsel.'" Second Motion for Fees at 2. Plaintiff states that despite continued meet-and-confers and discovery dispute conference calls with chambers staff, Defendants did not produce RFP No. 53 and instead, on March 19, 2019, filed an ex parte application requesting a hearing to clarify the scope of RFP No. 53. Id. at 3; ECF No. 86 (ex parte application). Subsequently, on March 22, 2019, the Court issued an order denying Defendants' ex parte application and ordered Defendant Paoli to produce RFP No. 53 by March 26, 2019. Court's March 22 Order at 5.

Plaintiff claims that next, Defendants violated the Court's March 22 Order and states that (1) on March 27, 2019, Defendant Paoli produced "unusable non-native files with

'filtered' data, incompatible with [Defendant] Dos Amigos' accounting software"; (2) on March 28, 2019, Defendant Paoli produced "another incomplete, access-restricted backup of the Program"; (3) on April 8, 2019, following a discovery dispute conference call with the Court, Defendant Paoli produced another backup of the Program that "left in place most of the restrictions blocking access to the Programs pertinent data and key functionality"; (4) on April 10, 2019, the parties met in person with their discovery experts present pursuant to the Court's order [ECF No. 97], during which Defendant Paoli appeared as his own "discovery expert;" (5) Defendant Paoli produced a backup file at the April 10, 2019 meeting that Plaintiff's counsel and expert discovered was a file with full access to the Program, but certain reports were deleted from the last file that had been produced on April 8, 2019 (reports that existed but were inaccessible); and (6) following Plaintiff's demonstration of this purposeful deletion, Defendant Paoli accessed the April 8, 2019 file and removed the restrictions, which finally provided Plaintiff with a compliant response to RFP No. 53 on April 10, 2019. Second Motion for Fees at 3-4; ECF No. 101-2, Declaration of Jacob Kozaczuk ("Kozaczuk Decl. Fees 2"), ¶¶ 19-43. Plaintiff argues that Defendant Paoli intentionally and repeatedly disobeyed two discovery orders and must pay Plaintiff's reasonable expenses incurred because of Defendant's failure to comply, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C). Id. at 5.

### b. Defendants

Defendants argue that sanctions are not warranted because Defendants complied with the Court's order to produce RFP No. 53, with the exception of attorney-client privileged materials, and "ultimately gave *everything*—including privileged data and Administrator rights *not* required by [the Court's March 22 Order]." Oppo. Second Mot. at 6 (emphasis in original). Defendants contend that Plaintiff's counsel refused to clarify what they were specifically looking for in Defendants' accounting system, and so they filed the ex parte application seeking a hearing with the Court regarding the scope of the production of RFP No. 53. Id. at 4. Subsequently, Defendants produced four USBs to comply with RFP No. 53: (1) on March 27, 2019, the first USB (SQL data) filtered out

privileged data; (2) on March 28, 2019, the second USB (Peachtree files) filtered out only the last two years of privileged data; (3) on April 8, 2019, the third USB (Peachtree files) did not filter any privileged data; and (4) on April 10, 2019, the fourth USB (Peachtree files) did not filter any privileged data and gave Plaintiff's counsel and expert full administrator rights. ECF No. 102-2, Declaration of Defense Counsel Margarita Haugaard ("Haugaard Decl. Fees 2"), ¶¶ 14-17, 19; ECF No. 102-1, Declaration of Pablo Paoli ("Paoli Decl."), ¶¶ 20, 26, 32, 39. Defendants claim that each of these USBs complied with the Court's order, but Plaintiff complained each time that it could not access the data and threatened to seek sanctions, so Defendants "increasingly whittled away the privileged materials—until there were none." Haugaard Decl. Fees 2, ¶¶ 12-13.

In explaining the methods used to produce RFP No. 53, Defendant Paoli states that initially, he spoke with a consultant from the accounting software company "about how to copy or export native files and preserve the metadata from a Peachtree accounting system" and then worked with a computer technician to produce a compliant backup that did not contain data outside the requested timeframe and also filtered out privileged data. Paoli Decl., ¶¶ 17-19. Defendants aver that this method—exporting the data into a SQL database, then filtering out privileged and nonresponsive data—was used because it could filter out all of the privileged data, and that Plaintiff could use a SQL interface to import the SQL file into Plaintiff's Peachtree platform. See id., ¶¶ 17, 25.

After this SQL USB was delivered to Plaintiff on March 27, 2019, Defendants claim that Plaintiff's counsel said they could not access the SQL and demanded the data in a Peachtree backup, but did not explain what technical problems they had. Id., ¶¶ 20-22. Defendant Paoli and a computer technician made a Peachtree backup, but they were limited by Peachtree to only being able to filter out privileged data from the last two years, and it was delivered to Plaintiff on March 28, 2019. Id., ¶¶ 25-26. Defendants state that Plaintiff's counsel said they could not access data, despite technical instructions and videoconferencing. Id., ¶¶ 27-28. Defendant Paoli stated, "It seemed to me that they wanted not only all of the information (which is what I understood the Court's Order to mean,

minus privileged data about attorneys), they also essentially demanded control over the entire system, including the ability to manipulate and edit date, which is reserved for an Administrator, and including access to materials I had prepared at the request of my attorney." Id., ¶ 29. Defendant Paoli claimed that Plaintiff's counsel threatened to seek sanctions and believing he had no meaningful choice, provided a USB with unfiltered accounting data access on April 8, 2019. Id., ¶ 31. Defendant Paoli claimed Plaintiff again stated that certain data was not accessible and certain reports were not able to be generated, despite Defendant Paoli showing Plaintiff's counsel how to do so. Id., ¶¶ 33-34. On April 10, 2019, Defendant Paoli delivered a USB with unfiltered accounting data access and administrator functionality. Id., ¶¶ 38-39.

### c. Plaintiff's Reply

In its reply, Plaintiff argues, *inter alia*, that RFP No. 53 required Defendant Paoli to produce an unrestricted copy of Dos Amigos' accounting program, but instead "produced multiple versions of the accounting system with limited access and intentionally stripped of key data." Reply Second Mot. at 2-3.

### 2. Rule 37(b)(2)(C)

Federal Rule of Civil Procedure 37(b)(2)(C) provides that with respect to payment of expenses for failure to comply with a court order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

### 3. Defendants Failed to Comply with Court's February 13 Order

First, the Court finds that Defendants failed to comply with the Court's February 13 Court Order. In the Court order issued on February 13, 2019, the Court ordered Defendants to produce RFP No. 53 by February 25, 2019. Court's February 13 Order at 22-23. Instead of producing, Defendants filed an ex parte application on March 19, 2019 seeking a hearing regarding the scope of RFP No. 53. ECF No. 86. In response, Plaintiff filed a one-page objection to the ex parte application. ECF No. 88. The Court denied Defendants' request

for a hearing because the Court found that Defendants were effectively seeking a motion for reconsideration by making arguments that they had an opportunity to make in opposition to Plaintiff's motion to compel but chose not to. Court's March 22 Order at 4. The Court declined to relitigate the motion to compel RFP No. 53. Id. The Court noted that to the extent clarification was needed, the Court's February 13 Order plainly stated that Defendant Paoli must produce the electronic copy of the accounting program, or native files with original metadata intact, for the requested time period by February 25, 2019. Id. The Court noted that any attorney-client privileged material should be treated according to the Federal Rules of Civil Procedure. Id. Because the Court finds that the ex parte application was effectively a meritless attempt to relitigate the motion to compel RFP No. 53, the Court finds that Defendants failed to comply with the Court's February 13 Order to produce RFP No. 53 by February 25, 2019.

Additionally, the Court finds that Defendant's failure to produce RFP No. 53 by February 25, 2019 was not substantially justified because Defendants' purported confusion regarding the scope of RFP No. 53 was really an attempt to limit the scope that was already briefed and ruled on. Nor does the Court find that other circumstances would make an award of sanctions unjust. Accordingly, the Court GRANTS Plaintiff's request for reasonable expenses as to Defendants' failure to comply with the Court's February 13 Order. The Court will address the reasonable expenses below. See infra Section III.C.

### 4. Defendants' Failure to Timely Comply with Court's March 22 Order was Substantially Justified

Next, the Court finds that any failure by Defendants to timely comply with the Court's March 22 Order was substantially justified.

In the Court's March 22 Order, the Court ordered Defendant Paoli to "produce a copy of the entire accounting program, or native files, with original metadata intact, for the requested time period, with the exception of attorney-client privileged materials" by March 26, 2019. Court's March 22 Order at 5. The first production in response to RFP No. 53 was the service of the SQL USB on March 27, 2019, followed by three more

productions, each one providing more functionality. Plaintiff argues that Defendants did not fully comply with RFP No. 53 until April 10, 2019. Defendants argue that each of the four productions was compliant, but Plaintiff wanted added functionality that the Court did not order.

The Court finds that the parties appear to agree that Defendant Paoli complied with RFP No. 53 by April 10, 2019 at the latest. To the extent Defendant failed to comply in the time between the first production and the last, the Court finds that Defendant's failure was substantially justified because reasonable people could differ in finding that Defendant's first, second, and third productions of RFP No. 53 were in compliance. See Pierce v. Underwood, 487 U.S. at 565; Reygo Pac. Corp. v Johnston Pump Co., 680 F.2d at 649. The plain language of the Court's order asks for "a copy of the entire accounting program, or native files, with original metadata intact." Court's March 22 Order at 5. Before the first production, Defendant Paoli sought knowledgeable advice on how to produce a compliant copy that would keep original metadata intact. Plaintiff argues that full, unrestricted functionality was required. However, the plain language of the order does not mention functionality and administrator rights. A reasonable person could believe that a copy of all the data in the accounting program—minus attorney-client privileged material—with original metadata intact *or* native files with original metadata intact would comply. Therefore, the Court DENIES Plaintiff's request for reasonable expenses as to Defendants' failure to comply with the Court's March 22 Order.

**5.    Court's Determination on Plaintiff's Second Motion for Attorney Fees' and Costs**

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Second Motion for Fees requesting reasonable expenses, including attorneys' fees [ECF No. 101], and will determine reasonable expenses below. See infra Section III.C.

/ / /

/ / /

## C.    Calculation of Attorneys' Fees

Having determined that an award of some reasonable expenses is warranted for Plaintiff's First Motion for Fees [ECF No. 92] and Second Motion for Fees [ECF No. 101], the Court now turns to calculating the fees.

In the Ninth Circuit, courts apply the lodestar method to determine reasonable attorney's fees by "multipl[ying] the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013). "After making that computation, the district court then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the Kerr factors that are not already subsumed in the initial lodestar calculation." Morales v. City of San Rafael, 96 F.3d 359, 363–64 (9th Cir. 1996), opinion amended on denial of reh'g, 108 F.3d 981 (9th Cir. 1997) (citation omitted). The Kerr factors include the following: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

### 1.    Reasonable Hours Expended

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." Gates v. Deukmejian, 987 F.2d 1392, 1397–98 (9th Cir. 1992) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)). "[A]n award of attorney's fees may be based on the affidavits of counsel, so long as they are sufficiently detailed to enable the court to consider all the factors necessary in setting the fees." Henry v. Gill Indus., Inc., 983 F.2d 943, 946 (9th Cir.

1993). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Gates v. Deukmejian, 987 F.2d at 1397-98 (citing Blum v. Stenson, 465 U.S. 886, 892 n.5 (1984)).

### a. Plaintiff's First Motion for Fees

In Plaintiff's First Motion for Fees, Plaintiff seeks compensation for hours expended by four attorneys and one paralegal to do the following: (1) analyzing RFP responses, ESI production, and Dos Amigos' deposition transcript; (2) meet and confer efforts; (3) legal research for both motions to compel and Plaintiff's reply in support of its first motion to compel; (4) drafting of both motions to compel and one reply; and (5) reviewing Defendants' oppositions to the motions to compel and the authorities cited therein. Reply First Mot. at 5; ECF No. 92-2, Declaration of Adrian Martinez ("Martinez Decl. Fees 1"), ¶¶ 7-8. In support, Plaintiff provided a declaration by counsel with a table summarizing the hours expended by each attorney and the paralegal for each of the five categories listed above. Martinez Decl. Fees 1, ¶ 8.

Defendants argue that Plaintiff may only request fees for the time spent in making the motion to compel, not fees previously incurred, and that Plaintiff failed to provide dates for the hours expended. Oppo. First Mot. at 6.

Rule 37 mandates that monetary sanctions must consist of "reasonable expenses incurred *in making the motion*, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Accordingly, in determining the reasonable attorney's fees, the Court will not include the time Plaintiff's counsel and paralegal spent on meeting and conferring regarding discovery disputes or reviewing discovery responses and production, both of which are also normal expenses incurred in the course of litigation. See e.g., Nutrition Distribution LLC v. PEP Research, LLC, No. 16CV2328-WQH(BLM), 2018 WL 1245052, at *10 (S.D. Cal. Mar. 9, 2018) (declining to consider time spent in meet and confer efforts to determine reasonable attorneys' fees pursuant to Rule 37(a));

<u>Macias v. Lange</u>, No. 14-CV-2763-GPC (JMA), 2016 WL 2745371, at *2 (S.D. Cal. May 11, 2016) (declining to order payment of expenses pursuant to Rule 37(a) that predated the motion to compel, including meet and confer efforts and reviewing discovery responses). Additionally, the Court finds the evidence submitted regarding hours is sufficient to enable the Court to determine reasonable expenses and that documentation of the dates for the hours is not required. <u>See</u> <u>Henry v. Gill Indus., Inc.</u>, 983 F.2d at 946. Therefore the Court finds the following hours are appropriate in determining the initial lodestar for Plaintiff's First Motion: (1) Alex Brizolis: 42.1 hours motion/reply drafting, 13.1 hours legal research, 5.5 hours opposition review; (2) Paul Tyrell: 0.9 hours opposition review; (3) Jacob Kozaczuk: 1.6 hours legal research; and (4) Jessica DeCesare: 9 hours motion/reply drafting, 0.5 hours legal research. <u>See</u> Martinez Decl. Fees 1, ¶ 8.

### b. Plaintiff's Second Motion for Fees

In Plaintiff's Second Motion for Fees, Plaintiff seeks compensation for hours expended by four attorneys, one paralegal, and one case assistant to do the following: (1) analyzing discovery responses and productions concerning the accounting; (2) meet and confer efforts with opposing counsel, experts, and conferences with the Court; (3) legal research; (4) review of Defendants' ex parte application, drafting of opposition to the ex parte application, and drafting the instant motion requesting reasonable expenses. Second Motion for Fees at 6; ECF No. 101-3, Declaration of Adrian Martinez ("Martinez Decl. Fees 2"), ¶ 8. In support, Plaintiff provided a declaration by counsel with a table summarizing the hours expended by each attorney, the paralegal, and the case assistant for each of the four categories listed above. Martinez Decl. Fees 2, ¶ 8. Plaintiff also seeks costs incurred by its consultant and designated damages expert, JDP Forensic Accounting ("JDP"), and JDP's financial analyst Aaron Breuhl for reviewing Defendant Paoli's productions. <u>Id.</u>, ¶¶ 11-12; ECF No. 101-1, Declaration of Aaron Breuhl, ¶¶ 1, 5.

Defendants argue that Plaintiff failed to provide detailed time records for the hours expended, the tables submitted are too vague to allow evaluation of the hours, and that Plaintiff seeks an excessive scope of fees. Oppo. Second Mot. at 6.

Rule 37(b)(2)(C) requires that the Court "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, *caused by the failure*, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). After reviewing the briefs and declarations, the Court finds the following reasonable expenses and attorneys' fees were caused by Defendants' failure to comply with the Court's February 25 Order: (1) meet and confer efforts with opposing counsel, experts, and conferences with the Court; (2) legal research; (3) review of Defendants' ex parte application, drafting of opposition to the ex parte application, and drafting the instant motion[11] requesting reasonable expenses. Second Motion for Fees at 6; Martinez Decl. Fees 2, ¶ 8; see also Kozaczuk Decl. Fees 2, ¶¶ 5-43. The Court declines to award the costs incurred by the third party to review production and the attorneys' fees incurred for analyzing discovery responses and productions because these costs and expenses are tied to the review of Defendants' four productions of RFP No. 53, which the Court has found were substantially justified. See Kozaczuk Decl. Fees 2, ¶¶ 5-43; supra Section III.B.4.

However, the Court finds it appropriate to consider the following Kerr factors in determining reasonable hours expended: (1) the novelty and difficulty of the questions involved, (2) the skill requisite to perform the legal service properly, and (3) the amount involved and the results obtained. See Kerr v. Screen Extras Guild, Inc., 526 F.2d at 70. Plaintiff's opposition to Defendants' ex parte application was less than one page long, and other than citing to the relevant Civil Local Rules and Chambers Rules, it did not cite any

---

[11] See Hung Nguyen v. Regents of Univ. of California, No. 817CV00423JVSKESX, 2018 WL 6112616, at *5 (C.D. Cal. May 18, 2018) (finding fees incurred in support of a motion for a fee award pursuant to Federal Rule of Civil Procedure 37, or "fees on fees," are compensable) (citations omitted); Matlink, Inc. v. Home Depot U.S.A., Inc., No. 07CV1994-DMS-BLM, 2008 WL 8504767, at *6 (S.D. Cal. Oct. 27, 2008) (finding that time spent litigating fee petitions pursuant to Federal Rule of Civil Procedure 37 is compensable); see also In re Nucorp Energy, Inc., 764 F.2d 655, 659-60 (9th Cir. 1985) ("In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable.").

cases or involve legal research. ECF No. 88. Therefore, it did not address any novel or difficult questions and did not require more than average skill to draft. Additionally, Plaintiff's instant motion [Second Motion for Fees] was not granted in full because the Court declined to award reasonable expenses for Defendants' failure to timely comply with the Court's March 22 Order. See supra Section III.B.4. Furthermore, the Court finds that a reduction must be made to the hours spent on "meet and confer efforts with opposing counsel and experts, and conferences with the court" to the extent that some of these hours were tied to the Court's March 22 Order. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (finding that when the documentation of hours is inadequate, the court may reduce the hours).

For these reasons, and because the Court's determination of the outcome of Plaintiff's Second Motion for Fees was that Defendants failed to comply with the Court's February 13 Order in producing RFP No. 53, and taking into consideration that it has since been produced, the Court will (1) reduce the hours expended on drafting the opposition to the ex parte application and the instant motion by seventy-five percent; and (2) reduce the meet-and-confer-related hours of Adrian Martinez, Alex Brizolis, and Jacob Kozaczuk by seventy-five percent.[12] Therefore, the Court finds the following requested hours should be reduced by seventy-five percent: (1) Alex Brizolis: 3.2 hours motion/opposition review and drafting, 9.0 hours meet-and-confer-related; (2) Paul Tyrell: 1.8 hours motion/opposition review and drafting; (3) Adrian Martinez: 1.15 hours legal research, 26.1 hours motion/opposition review and drafting, 23.10 hours meet-and-confer-related; (4) Jacob Kozaczuk: 11.5 hours legal research, 16.1 hours motion/opposition review and drafting, 41.9 hours meet-and-confer-related; (5) Jessica DeCesare: 3 hours

---

[12] The Court does not find it necessary to reduce Paul Tyrell's 0.40 hours of meet-and-confer-related expenses because they were only tied to the failure of Defendants to comply with the Court's February 13 Order and RFP No. 53. See Kozaczuk Decl. Fees 2, ¶¶ 5-43; Martinez Decl. Fees 2, ¶ 8.

17cv1943-LAB-LL

motion/opposition review and drafting; and (6) MaryLynn Eddington: 1.3 hours motion/opposition review and drafting;. <u>See</u> Martinez Decl. Fees 2, ¶ 8.

Accordingly, the reduced hours to be used in determining the initial lodestar for expenses granted in Plaintiff's Second Motion for fees are as follows: (1) Alex Brizolis: 3.05 hours; (2) Paul Tyrell: 0.76 hours[13]; (3) Adrian Martinez: 12.59 hours; (4) Jacob Kozaczuk: 17.38 hours; (5) Jessica DeCesare: 0.6 hours; and (6) MaryLynn Eddington: 0.26 hours.

## 2. Reasonable Hourly Rate

The Ninth Circuit has found the following regarding reasonable rate determinations in assessing attorneys' fees:

> Fee applicants have the burden of producing evidence that their requested fees are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 980 (9th Cir.2008) (internal quotation marks omitted). "[T]he relevant community is the forum in which the district court sits." *Id.* at 979. "Affidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir.1990). Once a fee applicant presents such evidence, the opposing party "has a burden of rebuttal that requires submission of evidence . . . challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." *Camacho,* 523 F.3d at 980 (internal quotation marks omitted).

<u>Chaudhry v. City of Los Angeles</u>, 751 F.3d 1096, 1110–11 (9th Cir. 2014).

Plaintiff's counsel state in declarations that the following hourly rates are reasonable for its attorneys and "paraprofessionals": (1) Paul Tyrell, partner, more than twenty years of legal experience: $595; (2) Adrian Martinez, partner, fourteen years of legal experience: $425; (3) Alex Brizolis, senior associate, more than ten years of legal experience: $400; (4) Jacob Kozaczuk, associate, more than five years of legal experience: $375;

---

[13] Paul Tyrell's 0.76 hours was derived from 0.36 hours of reduced time, plus 0.40 hours of meet-and-confer-related expenses. <u>See</u> <u>supra</u> note 12.

(5) Jessica DeCesare, litigation paralegal, more than three years at current firm: $240 (2018 rate), $255 (2019 rate); and (6) MaryLynn Eddington, case assistant: $130. <u>See</u> Martinez Decl. Fees 1; Martinez Decl. Fees 2; ECF Nos. 92-4 (Declaration of Alex G. Brizolis), 92-6 (Declaration of Jacob Kozaczuk). Plaintiff's counsel states that these rates for Mr. Tyrell, Mr. Martinez, and Mr. Brizolis are reduced from their standard hourly rates of $720, $500, and $515 respectively. Martinez Decl. Fees 1, ¶ 12. Plaintiff's professionals are employed by Procopio, Cory, Hargreaves and Savitch, LLP, "a San Diego-based law firm of more than 150 attorneys." <u>Id.</u> Plaintiff's counsel avers that these rates are reasonable because they are below the prevailing market rates in San Diego for attorneys at Procopio's peer firms who have the same level of experience and similar credentials. <u>Id.</u> In support, Plaintiff's counsel filed under seal a Peer Monitor report, "which compiled actual billing entry data from fourteen (14) peer firms within San Diego from March 2018 through February 2019" to show that its rates are below the median rates of the relevant professionals in the report. <u>Id.</u>; ECF No. 91 (sealed); ECF No. 92-3 at 15 (redacted). Plaintiff's counsel also submitted biographies for the attorneys. ECF No. 92-3 at 2-10; ECF No. 92-5; ECF No. 92-7.

Defendants argue that Plaintiff fails to include in its consideration of reasonable rates the prevailing rate of attorneys practicing in Imperial County, which is part of this district, and should not only consider rates charged by "so-called 'peer' mega firms with wealthy clients." Oppo. First Mot. at 6. Defendants claim that the prevailing rate in Imperial County is $300 an hour. <u>Id.</u>

The Court finds that Plaintiff has met its burden of producing evidence that the requested fees are "in line with those prevailing in the community for similar services by lawyers of comparable skill, experience and reputation." <u>Camacho v. Bridgeport Fin., Inc.</u>, 523 F.3d 973, 980 (9th Cir. 2008). Defendant is correct that Imperial County is part of this district, which is the relevant community, but so is San Diego. Defendant also fails to provide evidence of Imperial County's prevailing rate, and so that argument cannot be properly considered. <u>See id.</u> Plaintiff's declarations of counsel and Peer Monitor report

with recent reported rates are sufficient to meet its burden for the attorneys and paralegal. The Court notes that there is a lack of information regarding the prevailing rate for the case assistant. For that reason, the Court will reduce the case assistant's rate by ten percent. See Hensley v. Eckerhart, 461 U.S. at 433 (finding that when the documentation of hours is inadequate, the court may reduce the hours). The Court also notes that it will apply the paralegal's 2019 rate because the relevant documents were drafted and filed in 2019. See ECF Nos. 61, 64, 73, 74, 88, 92, 98. Therefore the Court finds the following rates are appropriate in determining the initial lodestar for Plaintiff's First Motion and Second Motion: (1) Paul Tyrell, partner, more than twenty years of legal experience: $595; (2) Adrian Martinez, partner, fourteen years of legal experience: $425; (3) Alex Brizolis, senior associate, more than ten years of legal experience: $400; (4) Jacob Kozaczuk, associate, more than five years of legal experience: $375; (5) Jessica DeCesare, litigation paralegal, more than three years at current firm: $255 (2019 rate); and (6) MaryLynn Eddington, case assistant: $117.

### 3. Lodestar Calculation

#### a. Plaintiff's First Motion for Fees

Taking the determinations by the Court set forth above [see supra Sections III.C.1.a, III.C.2.], the initial lodestar calculations are as follows for Plaintiff's First Motion for Fees [ECF No. 92]:

| | Reasonable Hourly Rate | Hours Reasonably Expended | Lodestar (reasonable rate x reasonable hours) |
|---|---|---|---|
| Paul Tyrell | $595 | 0.9 | $535.50 |
| Adrian Martinez | $425 | 0 | 0 |
| Alex Brizolis | $400 | 42.1 + 13.1 + 5.5 = 60.7 | $24,280 |
| Jacob Kozaczuk | $375 | 1.6 | $600 |
| Jessica DeCesare | $255 | 9 + 0.5 = 9.5 | $2,422.50 |
| TOTAL | | | $27,838.00 |

The <u>Kerr</u> factors appropriately considered here in determining whether an upward or downward adjustment is required are (1) the amount involved and the results obtained; and (2) the novelty and difficulty of the questions involved. <u>See</u> <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d at 70. As the Court discussed above [<u>see</u> <u>supra</u> Section III.A.1.], Plaintiff's First Motion for Fees is granted in part and denied in part and the Court determined that Defendants' opposition to twenty-two of thirty-one requests at issue in Plaintiff's first motion to compel [ECF No. 64] was not substantially justified. Although Plaintiff's Memorandum of Points and Authorities was twenty pages long, the Court finds that the issues were not novel or difficult. Plaintiffs sought to compel responses to thirty-two requests that Defendants primarily objected to as untimely, overbroad, and burdensome. For those reasons, the Court finds it appropriate to reduce the total lodestar amount by ten percent for lack of novelty and difficulty, and by thirty percent for the results obtained because the Court found that Defendants' opposition to nine of the thirty-one requests at issue was substantially justified. After applying the forty percent reduction to the initial lodestar amount, the Court finds that the reasonable expenses owed by Defendants for Plaintiff's First Motion for Fees are $16,702.80.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### b. Plaintiff's Second Motion for Fees

Taking the determinations by the Court set forth above [see supra Sections III.C.1.b, III.C.2.], the lodestar calculations are as follows for Plaintiff's Second Motion for Fees [ECF No. 101]:

| | Reasonable Hourly Rate | Hours Reasonably Expended | Lodestar (reasonable rate x reasonable hours) |
|---|---|---|---|
| Paul Tyrell | $595 | 0.76 | $452.20 |
| Adrian Martinez | $425 | 12.59 | $5,350.75 |
| Alex Brizolis | $400 | 3.05 | $1,220 |
| Jacob Kozaczuk | $375 | 17.38 | $6,517.50 |
| Jessica DeCesare | $255 | 0.6 | $153 |
| MaryLynn Eddington | $117 | 0.26 | $30.42 |
| TOTAL | | | $13,723.87 |

The Court previously considered the Kerr factors in making the determination for reasonable hours, and so finds that consideration of Kerr factors after the lodestar calculation would be inappropriate. See Morales v. City of San Rafael, 96 F.3d at 363-64. Accordingly, the Court finds that the reasonable expenses owed by Defendants for Plaintiff's Second Motion for Fees are $13,723.87.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# IV.    CONCLUSION

Based on the above, the Court **GRANTS IN PART AND DENIES IN PART Plaintiff's First Motion for Fees** [ECF No. 92] as follows: Defendants and their counsel are **ORDERED** to pay $16,702.80 in reasonable expenses to Plaintiff on or before **September 10, 2019**.

Based on the above, the Court **GRANTS IN PART AND DENIES IN PART Plaintiff's Second Motion for Fees** [ECF No. 101] as follows: Defendants and their counsel are **ORDERED** to pay $13,723.87 in reasonable expenses to Plaintiff on or before **September 10, 2019**.

**IT IS SO ORDERED**.

Dated:  August 9, 2019

Honorable Linda Lopez
United States Magistrate Judge

17cv1943-LAB-LL